THOMAS, Collector of Customs, v. WANAMAKER.

(Circuit Court of Appeals, Third Circuit.  February 17, 1904.)

No. 33.

1. CUSTOMS DUTIES—CLASSIFICATION—DRESS GOODS—EMBROIDERED WOOLEN ARTICLES—WEARING APPAREL.

*Held,* that so-called wool "dress robes" or "dress patterns," consisting of women's dress goods of wool, embroidered with silk, imported in single patterns in separate lengths and pieces, each pattern comprising the material for the body and trimming of a dress, are "dress goods," and are dutiable under the provision in paragraph 369, Tariff Act July 24, 1897, c. 11, § 1, Schedule K, 30 Stat. 184 [U. S. Comp. St. 1901, p. 1667], for "women's  *  *  *  dress goods  *  *  *  composed wholly or in part of wool," which is limited by the expression "not specially provided for in this act," and not under paragraph 371 of said act, c. 11, § 1, Schedule K, 30 Stat. 185 [U. S. Comp. St. 1901, p. 1667], which provides, without such limitation, for "articles embroidered,  *  *  *  made of wool," nor under paragraph 370 of said act, c. 11, § 1, Schedule K, 30 Stat. 184 [U. S. Comp. St. 1901, p. 1667], relating to "articles of wearing apparel of every description,  *  *  *  manufactured  *  *  *  in part,  *  *  *  composed wholly or in part of wool."

Appeal from the Circuit Court of the United States for the Eastern District of Pennsylvania.

For opinion below, see 123 Fed. 193.

This appeal was brought by C. Wesley Thomas, Collector of Customs at the port of Philadelphia, from an affirmance (123 Fed. 193), by the Circuit Court of two decisions of the Board of General Appraisers covering importations by John Wanamaker, and reversing the assessment of duty.

Following is one of the opinions filed by the board, which fully covers the issues in the case:

De Vries, General Appraiser. This merchandise consists of wool robes or dress patterns. It was assessed for duty at the rate of 50 cents per pound and 60 per cent. ad valorem, under the provisions of paragraph 371, Tariff Act July 24, 1897, c. 11, § 1, Schedule K, 30 Stat. 185 [U. S. Comp. St. 1901, p. 1667], as "embroideries" or "articles embroidered by hand or machinery, * * * made of wool, or of which wool is a component material." The protest claims as follows: "We claim that said goods should have been assessed at 44 cents per pound and 55 per cent. ad valorem under paragraph 368, 369, or 366, 30 Stat. pp. 184, 185 (U. S. Comp. St. 1901, pp. 1666, 1667); or at 11 cents per square yard and 55 per cent. ad valorem under paragraph 369; or that the appraiser should have segregated the values of the plain dress goods and the embroidered pieces, and classified the plain pieces of the dress goods at 44 cents per pound and 55 per cent., or at 11 cents per square yard and 55 per cent. ad valorem, under the provisions of above paragraphs; and should have classified the embroidered pieces at the rate of 50 cents per pound and 60 per cent. ad valorem under paragraph 371, or at 60 per cent. ad valorem under paragraphs 390 and 339, 30 Stat. pp. 187, 181 (U. S. Comp. St. 1901, pp. 1670, 1662), or 44 cents per pound and 55 per cent. ad valorem under paragraphs 368, 369, or 366." The protest was submitted without the introduction of any evidence in support thereof, and no appearance was made in behalf of the importers. The return of the collector recites, among other things: "I beg to state that the merchandise in question consists of women's dress goods in single patterns, each pattern comprising material for the body of the dress and material for trimming the same, in separate lengths or pieces. All of said material, both for the foundation or trimming, is embroidered in silk; and the claim that only a portion of the material is embroidered, and should

be so assessed, is without foundation." In default of contradictory evidence the presumption of correctness attending the return of the collector prevails. We assume for the purpose of decision, therefore, that that return is true. The important fact which it introduces into this record as true is that the whole of the merchandise covered by this protest was embroidered, and that with silk. In the case of In re Crowley, 55 Fed. 283, 5 C. C. A. 109, merchandise exactly similar to this was the subject of decision. The paragraph interpreted by that decision was 398 of the tariff act of 1890 (Act Oct. 1, 1890, c. 1244, § 1, Schedule K, 26 Stat. 597). The gist of the decision was that woolen dress patterns embroidered with silk or silk and metal are not dutiable as woolen "embroideries," but were dutiable as woolen "dress goods," under paragraph 395 of said act (26 Stat. 597). Paragraph 371 of the tariff act of 1897 (Act July 24, 1897, c. 11, § 1, Schedule K, 30 Stat. 185 [U. S. Comp. St. 1901, p. 1667]), is the one corresponding to paragraph 398 of the tariff act of 1890. The former was enacted since the decision cited was rendered, and differs in important particulars from said paragraph 398. Said paragraph 398, so far as pertinent, reads: "398. On webbings * * * and embroideries * * * made of wool * * * or of which wool is the component material, the duty shall be * * *." Said paragraph 371 reads as follows: "371. Webbings, * * * embroideries and articles embroidered by hand or machinery, * * * made of wool or of which wool is a component material, * * * fifty cents per pound and sixty per centum ad valorem." It will be noted that Congress, in the act of 1897, has added the words, "and articles embroidered by hand or machine." While it may be true that under the text of paragraph 398, the subject of said decision, there may be no escape from the conclusion that only woolen embroideries, or embroideries made in part of wool, are meant, and while it may be equally true that that meaning attaches to the word "embroideries" as used in paragraph 371, the addition of the words, "and articles embroidered by hand or machinery," therein, presents the question whether or not this language is intended to embrace a larger class of merchandise, to wit, woolen articles embroidered by whatsoever material the embroidery may be composed of, as well as woolen embroideries. Whatever our conclusion might be on that point, we think this case is concluded by the fact that the protestant invokes the application of paragraph 369 of the act of July 24, 1897, c. 11, § 1, Schedule K, 30 Stat. 184 [U. S. Comp. St. 1901, p. 1667], as covering the merchandise in question. The language of that paragraph, in so far as pertinent, is: "369. On women's and children's dress goods * * * and goods of similar description or character * * * composed wholly or in part of wool, and not specially provided for in this act, the duty shall be," etc., "according to weight, value," etc., thereby asserting the claim that the merchandise is properly described as "women's and children's dress goods" and dutiable as such under said paragraph. In G. A. 4890 (T. D. 22,893) a precisely similar question arose. The issue there was whether or not certain articles of wearing apparel were dutiable under said paragraph 371 as "articles embroidered by hand or machinery," or paragraph 370 of the tariff act of 1897, as "articles of wearing apparel of every description." This board held that the said provisions of said paragraph 370 were more specific than the said provisions of paragraph 371. In conformity with the board's decision in that case, we hold that the provisions of paragraph 369, relating to "women's and children's dress goods," which are descriptive of the merchandise the subject of this protest, are more specific than the provisions of paragraph 371 assessing duty upon "articles embroidered by hand or machinery." The conjoint provisions of the proviso to paragraph 339 and paragraph 390 of said act are a part of protestant's claim. These provisions, however, when read together, prescribe merely a minimum rate of duty upon such merchandise, which is much less in this case than that prescribed by paragraph 369, found applicable. The protest, therefore, claiming the merchandise properly dutiable under paragraph 369, according to the value and the weight thereof, is sustained. In all other respects the protest is overruled, and the decision of the collector affirmed. Reliquidation will follow.

In support of the collector's appeal from the circuit court it was argued (1) that the merchandise is not known commercially as "dress

goods," but as "dress robes," and is therefore not included within the enumeration of the former in said paragraph 369; (2) that it is dutiable under said paragraph 370 as "wearing apparel * * * made up * * * in part"; and (3) that, conceding the merchandise to be dress goods, within the meaning of paragraph 369, it is specially provided for in said paragraph 371 as "articles embroidered," and is thereby removed from the former paragraph, which contains the qualifying expression "not specially provided for," and which in this respect differs from paragraph 371, which contains no such limitation.

James B. Holland and Wm. M. Stewart, for appellant.

Frank P. Prichard and Thomas S. Gates, for appellee.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

DALLAS, Circuit Judge. Nothing need be added to the opinion of the Board of Appraisers. We think it adequately supports the decision made by the board, and the decree of the Circuit Court sustaining that decision is therefore affirmed.

---

### RUTLEDGE v. NEW ORLEANS & N. E. R. CO.

(Circuit Court of Appeals, Fifth Circuit. April 5, 1904.)

#### No. 1,317.

1. CARRIERS—INJURIES TO PASSENGERS—TIME TO ALIGHT.

Where a train stopped for a passenger to alight, and when he was in the act of doing so, and without allowing a reasonable time for that purpose, it was suddenly started with a jerk, whereby he was thrown from the car and injured, he was entitled to recover therefor.

2. SAME—CONTRIBUTORY NEGLIGENCE—EVIDENCE.

In an action for injuries to a passenger while attempting to alight, there being conflict in the evidence on the issue as to his alleged contributory negligence in stepping off the train while it was moving, it presents a question for the jury.

Pardee, Circuit Judge, dissenting.

In Error to the Circuit Court of the United States for the Southern District of Mississippi.

This action was brought in the state court by William Rutledge, a citizen of Mississippi, against the New Orleans & Northeastern Railroad Company, a Louisiana corporation, and was, on petition of the defendant company, removed to the court below. Plaintiff claimed $25,000 damages, alleging that he was a passenger on one of the defendant's trains, having paid his fare from Hattiesburg, Miss., to Ellisville, Miss., and that the train was scheduled to stop at Ellisville for passengers to get off, and that it did stop, or come practically to a stop, and that plaintiff was alighting from the train, but that, while he was in the act of alighting, the train, by the negligence and carelessness of the defendant, through its servants, was suddenly jerked and moved forward, whereby the plaintiff was thrown down and under the train, and so injured as to deprive him of an arm and a leg, and cause him much suffering. Defendant pleaded "Not guilty," and, for further plea, alleged that the injuries complained of were brought about by the plaintiff's own negligence. There is no conflict in the evidence that the plaintiff was injured to the extent

---

¶ 1. See Carriers, vol. 9, Cent. Dig. § 1228.