### HALL & BISHOP v. UNITED STATES.

#### (Circuit Court, S. D. New York. May 23, 1904.)

#### No. 3,306.

**1. CUSTOMS DUTIES—CLASSIFICATION—DRESS GOODS—EMBROIDERED WOOLEN ARTICLES.**

*Held,* that embroidered dress goods of wool are dutiable, under Tariff Act July 24, 1897, c. 11, § 1, Schedule K, par. 369, 30 Stat. 184 [U. S. Comp. St. 1901, p. 1667], as "dress goods * * * of wool, and not specially provided for," rather than as "articles embroidered by hand or machinery, * * * made of wool," under paragraph 371 of said act (30 Stat. 185 [U. S. Comp. St. 1901, p. 1667]).

Appeal by the Importers from a Decision of the Board of United States General Appraisers.

On application for review of a decision of the Board of General Appraisers. The decision in question affirmed the assessment of duty by the collector of customs at the port of New York on merchandise imported by Hall & Bishop.

Frederick W. Brooks, for importers.

D. Frank Lloyd, Asst. U. S. Atty.

TOWNSEND, Circuit Judge. The merchandise in question was assessed for duty as "women's and children's dress goods, not specially provided for," under the provisions of paragraph 369 of the tariff act of July 24, 1897, c. 11, § 1, Schedule K, 30 Stat. 184 [U. S. Comp. St. 1901, p. 1667]. The importers protested, claiming that the goods in question were dutiable under the provisions of paragraph 371 (30 Stat. 185 [U. S. Comp. St. 1901, p. 1667]), of said act, as "embroideries and articles embroidered by hand or machinery, made of wool, or of which wool is a component material." The Board of General Appraisers has found that the articles in question are women's dress goods, and also that they are articles embroidered by hand or machinery.

The sole contention of the importers herein is that inasmuch as paragraph 371, under which they claim, is unqualified, while the provisions of paragraph 369 are qualified by the words "not specially provided for,"

the merchandise is dutiable under the former provision. This contention is supported by decisions of the Supreme Court of the United States and by various decisions in this circuit. The precise question, however, as applied to this merchandise, has been decided adversely to these appellants by the Circuit Court of Appeals in the Third Circuit in the case of Thomas v. Wanamaker (C. C. A.) 129 Fed. 92. It appears that the decision therein was based upon other grounds, and it is claimed that the question herein was not presented to the court in the Third Circuit. In accordance with the established rule I feel obliged to follow the decision of the Court of Appeals in the Third Circuit, and solely on that ground I am constrained to affirm the decision of the Board of General Appraisers.

Decision affirmed.