HALL et al. v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. February 24, 1905.)

No. 110.

CUSTOMS DUTIES—CLASSIFICATION—WOOLEN DRESS GOODS—EMBROIDERIES.
    Held, that embroidered woolen dress goods are dutiable as "dress goods * * * of wool, and not specially provided for," under paragraph 369, Schedule K, § 1, Tariff Act July 24, 1897, c. 11, 30 Stat. 184 [U. S. Comp. St. 1901, p. 1667], and not under paragraph 371 of said act 30 Stat. 185 [U. S. Comp. St. 1901, p. 1667], as "articles embroidered, * * * made of wool."

Appeal from the Circuit Court of the United States for the Southern District of New York.

For decision below, see 131 Fed. 648, which affirmed a ruling of the Board of United States General Appraisers, which had affirmed the assessment of duty by the collector of customs at the port of New York on merchandise imported by Hall & Bishop. The question at issue involves the construction of paragraphs 369 and 371, Schedule K, § 1, Tariff Act July 24, 1897, c. 11, 30 Stat. 184, 185 [U. S. Comp. St. 1901, p. 1667], the pertinent parts of which read as follows:

"369. Women's and children's dress goods * * * composed wholly or in part of wool, and not specially provided for."

"371. Articles embroidered by hand or machinery, * * * made of wool or of which wool is a component material."

F. W. Brooks, for appellants.

D. Frank Lloyd, for the United States.

Before WALLACE, LACOMBE, and COXE, Circuit Judges.

PER CURIAM. The question in this case is whether the importations, which were women's dress goods of wool embroidered by hand or machinery, were properly classified for duty under paragraph 369 of the tariff act of July 24, 1897, c. 11, § 1, Schedule K, 30 Stat. 184 [U. S. Comp. St. 1901, p. 1667], or whether they should have been classified under paragraph 371 of that act (30 Stat. 185 [U. S. Comp. St. 1901, p. 1667]). We should have no doubt upon the question were it not for the effect which is to be given to the qualifying words in paragraph 369, "not specially provided for in this act," and the absence of similar qualifying words in paragraph 371. The opinion of Mr. Appraiser De Vries, which was adopted by the Board of General Appraisers, presents a strong argument in favor of a classification under paragraph 369, and another opinion by him to the same effect was adopted by the Circuit Court of Appeals for the Third Circuit in Thomas v. Wannamaker, 129 Fed. 92, 63 C. C. A. 594. With some hesitation, but recognizing the propriety of uniformity of decision between courts of co-ordinate jurisdiction when that is practicable without yielding our clear convictions, we conclude to affirm the decision of the court below affirming the decision of the Board of General Appraisers.

Ordered accordingly.