BISCHOFF & Co. *v.* UNITED STATES (No. 1652).[1]

1. CONSTRUCTION—N. S. P. F.

> The presence of n. s. p. f. in a paragraph advises customs authorities that merchandise otherwise within it may be classified under some other paragraph, and if the other paragraph contains an *eo nomine* provision and the paragraph in which n. s. p. f. is found is general and not *eo nomine*, the former controls. An *eo nomine* provision

[1] Reported in T. D. 36458 (30 Treas. Dec., 944).

is not necessarily shorn of its controlling force because coupled with n. s. p. f. Where one of two competing paragraphs contains n. s. p. f. and the other does not, the description in each being in other respects equally specific, the presence in the one and the absence from the other of such provision determines the classification of merchandise equally within either paragraph.

2. POCKET CIGAR LIGHTERS, HOW DUTIABLE.

Cigars lighters designed to be carried on the person are within paragraph 356, tariff act of 1913 ("articles * * * such as * * * cigar cutters, cigar holders," etc.), and also within paragraph 381 ("all smokers' articles whatsoever, not specially provided for in this section"). By virtue of paragraph 386 ("if two or more rates of duty shall be applicable to any imported article it shall pay duty at the highest of such rates") they are dutiable under paragraph 356.

## United States Court of Customs Appeals, May 23, 1916.

APPEAL from Board of United States General Appraisers, G. A. 7810 (T. D. 35880). [Affirmed.]

*Allan R. Brown* for appellants.

*Bert Hanson,* Assistant Attorney General (*Charles D. Lawrence,* special attorney, of counsel), for the United States.

[Oral argument Feb. 10, 1916, by Mr. Brown and Mr. Hanson.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

BARBER, Judge, delivered the opinion of the court.

The importation was invoiced as "cigar lighters," and is so referred to.

The only question in the case is one of law, and involves the consideration of the following paragraphs of the tariff act of 1913:

356. Jewelry, commonly or commercially so known, valued above 20 cents per dozen pieces, 60 per centum ad valorem; rope, curb, cable, and fancy patterns of chain not exceeding one-half inch in diameter, width, or thickness, valued above 30 cents per yard; and articles valued above 20 cents per dozen pieces designed to be worn on apparel or carried on or about or attached to the person, such as and including buckles, card cases, chains, cigar cases, cigar cutters, cigar holders, cigarette cases, cigarette holders, coin holders, collar, cuff, and dress buttons, combs, match boxes, mesh bags and purses, millinery, military, and hair ornaments, pins, powder cases, stamp cases, vanity cases, and like articles; all the foregoing and parts thereof, finished or partly finished, composed of metal, whether or not enameled, washed, covered, or plated, * * * 60 per centum ad valorem. * * *

381. Pipes and smokers' articles: Common tobacco pipes and pipe bowls made wholly of clay, 25 per centum ad valorem; other pipes and pipe bowls of whatever material composed, and all smokers' articles whatsoever, not specially provided for in this section, including cigarette books, cigarette-book covers, pouches for smoking or chewing tobacco, and cigarette paper in all forms, except cork paper, 50 per centum ad valorem; meerschaum, crude or unmanufactured, 20 per centum ad valorem.

No question being made as to its correctness, we adopt the description of a sample of the merchandise contained in the opinion of the Board of General Appraisers. It—

Consists of an article of the shape and size of a gold-tipped paper cigarette, composed of gilt and enameled metal, valued above 20 cents per dozen pieces, and designed to be carried on the person. The tip is removable, and when pulled off quickly a sparking device in the interior ignites a wick.

The evidence was undisputed that it is carried by smokers to light cigars.

The importation was assessed under paragraph 356, and claimed to be dutiable under paragraph 381. A majority of the Board of General Appraisers, one member filing a dissenting opinion, affirmed the collector's assessment, and the case is here upon the importers' appeal. They concede for the purposes of this case that, if it were not for the provisions of paragraph 381, the merchandise would be dutiable as assessed, and the Government concedes that both paragraphs embrace it. The question, therefore, for us is, which of the recited provisions more closely describes these cigar lighters.

Paragraph 381 indicates that it is designed to cover pipes and smokers' articles and to include "all smokers' articles whatsoever not specially provided for," and is to include cigarette books, cigarette-book covers, and various other things therein enumerated. This paragraph is a reenactment, so far as affects any issue here, of paragraphs 459 and 475 of the tariff acts of 1897 and 1909, respectively.

These provisions have been the subject of consideration by this court in several cases, among them being Vandiver v. United States (1 Ct. Cust. Appls., 194; T. D. 31219); Knauth v. United States (1 Ct. Cust. Appls., 334; T. D. 31432); and Mark Cross Co. v. United States (1 Ct. Cust. Appls., 377; T. D. 31457).

In the Knauth case, *supra*, it was said, speaking of the term "all smokers' articles whatsoever," that—

> The intensified form of the expression used, together with the far-reaching effect of the qualifying words stated, manifests to our mind a purpose on the part of the legislature to reach out into all branches of trade and commerce and to gather within the dutiable provisions of this paragraph everything used chiefly by smokers, in that pursuit, and for that purpose, wherever else they may occur or within whatever other provisions of the tariff law the merchandise may be included.

As suggested, paragraph 381, as did its ancestors, contains the n. s. p. f. provision. The purpose and effect, generally speaking, of such provisions was considered in the case of United States v. Snow (6 Ct. Cust. Appls., 120; T. D. 35388). In substance it was said that its presence in a given paragraph advised the customs authorities that merchandise otherwise within it might be classified under some other paragraph; that if the other paragraph contained an *eo nomine* provision and the paragraph in which the n. s. p. f. provision was found was general and not *eo nomine*, the former would control; that an *eo nomine* provision was not necessarily shorn of its controlling force because coupled with the provision n. s. p. f.; that where one of two competing paragraphs contained the n. s. p. f. provision and the other did not, the description of each being in other respects equally specific, the presence in the one and the absence from the other of such provision would determine the classification of merchandise

equally within either paragraph. See in this connection Hall *v.* United States (131 Fed., 684; T. D. 25340); same case (136 Fed., 774); and Thomas *v.* Wanamaker (129 Fed., 92).

Paragraph 356 does not contain the n. s. p. f. provision. It is commonly referred to as the jewelry paragraph, but manifestly includes things not strictly such. The clause particularly under consideration here enumerates, with the introduction "such as and including" many articles that promote the comfort or convenience of the person, the principal purpose of some of which may be adornment with some degree of utility, while in others the utilitarian purpose is predominant and adornment subsidiary, all, however, possessing the characteristic of jewelry, in that they are carried on or about or attached to the person. The quoted introductory words indicate that the denominatively mentioned articles are to be regarded, so far as they go, not only as *eo nomine* provisions but illustrative as well, and the words "like articles" following this *eo nomine* enumeration emphasize the intent that the articles therein expressly named and like articles not specifically mentioned, but *like in purpose* and *like in use*, are to be included within it. Among those named are cigar cases, cigar holders, cigar cutters, cigarette cases, cigarette holders, match boxes, all of which, excepting possibly the last, are undoubtedly smokers' articles; hence it is no stretch to say that smokers' articles which can fairly be said to be like, in either use or purpose, any of those specifically named, if in other respects within the provisions of the clause, are classifiable thereunder. Further discussion would seem unnecessary to demonstrate that cigar lighters, in their use and purpose, if designed to be carried on or about the person, are articles like the smokers' articles above named because they are for the comfort or convenience, or both, of the smoker in the enjoyment of his habit. The cigar lighters may also well be said to be like match boxes when related to smokers' uses, because the latter are designed to carry the matches which are the direct means of enabling the smoker to enjoy his cigar or cigarette, while the former serve the use and purpose of match boxes and their contents.

From what has already been stated, we think it might be concluded that these cigar lighters are equally within the provisions of paragraph 356 and those of paragraph 381. It is possible, however, to say that the use of the intensified expression referred to in paragraph 381 was designed to serve as an *eo nomine* description of each and every smokers' article, which, if granted, might seem still to leave the merchandise dutiable thereunder. Then, however, one would be confronted with the fact that the provision in paragraph 356 is really a legislative act of a date later than paragraph 381, because paragraph 381 is a reenactment of earlier statutes, while paragraph 356 is the first enactment of its particular kind. It relates to some of the articles covered by paragraph 381, and therefore requires the

presumption that Congress had in mind that the theretofore adjudicated scope of the latter paragraph would result in removing from paragraph 381 the smokers' articles *eo nomine* mentioned in paragraph 356 and requires consideration as to whether the force of the term "like articles" therein did not describe these cigar lighters with a specificity at least equal to the intensified expression of paragraph 381. It seems unnecessary, however, to indulge in this refinement of reasoning in order to decide this case.

The question is a close one; but, however it may be approached, we think the most favorable view of the importers' claim is that these cigar lighters are *equally* within the provisions of both paragraphs. This conclusion would give opportunity for the application of the rule of law that the importer in such case is entitled to the benefit of the doubt were it not for the mandatory provision of paragraph 386 that "if two or more rates of duty shall be applicable to any imported article it shall pay duty at the highest of such rates."

Giving force as we must to this provision, we think the proper disposition of the case is reached by affirming the judgment below, and it is so ordered.