(C. D. 1234)

JACK KREUTER CO. *v.* UNITED STATES

United States Customs Court, First Division

(Decided April 18, 1950)

*John D. Rode* for the plaintiff.
*David N. Edelstein*, Assistant Attorney General (*Richard E. FitzGibbon*, special attorney), for the defendant.

Before OLIVER, COLE, and MOLLISON, Judges

OLIVER, Chief Judge: The merchandise in the case before us consists of metal buckles assessed for duty under the *eo nomine* provision for buckles in paragraph 1527 (c) (2) of the Tariff Act of 1930 and claimed properly dutiable under paragraph 397 of the same act as articles of metal, not specially provided for, at either 45 per centum or 65 per centum ad valorem. The duty assessed herein under paragraph 1527 (c) (2) results in 110 per centum ad valorem. The involved paragraphs are as follows:

PAR. 1527. (c) Articles valued above 20 cents per dozen pieces, designed to be worn on apparel or carried on or about or attached to the person, such as and including buckles, cardcases, chains, cigar cases, cigar cutters, cigar holders, cigar lighters, cigarette cases, cigarette holders, coin holders, collar, cuff, and dress buttons, combs, match boxes, mesh bags and purses, millinery, military and hair ornaments, pins, powder cases, stamp cases, vanity cases, watch bracelets, and like articles; all the foregoing and parts thereof, finished or unfinished:

\* \* \* \* \* \* \*

(2) composed wholly or in chief value of metal other than gold or platinum (whether or not enameled, washed, covered, or plated, including rolled gold plate), or (if not composed in chief value of metal and if not dutiable under clause (1) of this subparagraph) set with and in chief value of precious or semiprecious stones, pearls, cameos, coral, amber, imitation precious or semiprecious stones, or imitation pearls, 1 cent each and in addition thereto three-fifths of 1 cent per dozen for each 1 cent the value exceeds 20 cents per dozen, and 50 per centum ad valorem.

PAR. 397. Articles or wares not specially provided for, if composed wholly or in chief value of platinum, gold, or silver, and articles or wares plated with platinum, gold, or silver, or colored with gold lacquer, whether partly or wholly manufactured, 65 per centum ad valorem; if composed wholly or in chief value of iron, steel, lead, copper, brass, nickel, pewter, zinc, aluminum, or other metal, but not plated with platinum, gold, or silver, or colored with gold lacquer, whether partly or wholly manufactured, 45 per centum ad valorem.

The articles before us, samples of which are in evidence (collective exhibit 1), are small buckles of the conventional type, i.e., a stamped frame with cross bar for attachment to the article in connection with which it will be used, and a center tongue or prong to hold the inserted

end of a strap previously pierced. These buckles, three in number, measure approximately ⁵⁄₁₆″ x ½″ for two of the exhibits, and approximately ⅜″ x ½″ for the remaining sample. All of the exhibits are made of base metal. Two of the samples have apparently been plated and finished to simulate gold and the third sample is polished stainless steel. All the samples are concededly valued at over 20 cents per dozen pieces, one of the requirements for classification under the provisions of paragraph 1527 (c) (2).

The record consists of the testimony of one witness for the plaintiff, the importer, Jack Kreuter. His testimony is short and is not challenged. He testified that all these imported buckles are used in the manufacture of wrist watch straps and for no other purpose. No testimony was introduced by the Government in support of the collector's classification.

The theory upon which these buckles were assessed for duty under paragraph 1527 (c) (2) of the Tariff Act of 1930 is that they are the type of buckles which are *eo nomine* provided for therein and that they are designed to be "worn on apparel or carried on or about or attached to the person." Plaintiff contends that while they are admittedly buckles they are not such buckles as are contemplated by said paragraph 1527 (c) (2) and are properly dutiable under paragraph 397 as articles of metal not specially provided for.

All buckles are not dutiable under paragraph 1527 (c) (2). Harness and saddlery buckles are specifically provided for in paragraph 345 of the Tariff Act of 1930. Belt, trouser, waistcoat, shoe or slipper buckles, and parts thereof, made of iron, steel, or other base metal, valued at more than 50 cents and at not more than $1.66⅔ per hundred (i. e., 20 cents per dozen), are *eo nomine* provided for in paragraph 346 of the act. We are thus concerned with the question of whether or not the buckles in the case before us are such buckles as were intended by Congress to be classified under paragraph 1527 (c) (2) as being "designed to be worn on apparel or carried on or about or attached to the person."

Our appellate court in *Bischoff & Co.* v. *United States*, 7 Ct. Cust. Appls. 138, T. D. 36458, in construing the predecessor paragraph 356 of the Tariff Act of 1913, held that the articles referred to therein ["such as and including buckles * * *" (paragraph 1527 (c), Tariff Act of 1930)] are to be regarded as *eo nomine* provisions. In *General Button Company* v. *United States*, 64 Treas. Dec. 983, Abstract 25580, it was held that the *eo nomine* provision in paragraph 1527 of the Tariff Act of 1930 for "buckles" is more specific than the general provision for articles or wares in chief value of iron or steel contained in paragraph 397 of the same act. The *eo nomine* provision for buckles first appeared in paragraph 356 of the Tariff Act of 1913, following the descriptive words "such as and including." This word-

ing was carried forward, without any change so far as the question here before us is concerned, into paragraph 1428 of the Tariff Act of 1922 and ultimately into the present paragraph 1527 (c) (2) of the Tariff Act of 1930.

The plaintiff herein contends that the articles provided for by name in paragraph 1527 (c), are all articles of personal adornment and must be designed to be worn on apparel or carried on or about or attached to the person. It contends that the buckles before us are not designed to be worn on apparel or carried on or about or attached to the person but were designed to complete a leather wrist watch strap. In support of the claim counsel for the plaintiff in his brief maintains that all of the enumerated articles in paragraph 1527 (c) are carried upon the person of the wearer as *"individual* articles of mere personal comfort, convenience, or adornment" [italics ours] and directs our attention to the decision of our appellate court in *Abercrombie & Fitch Co.* v. *United States,* 31 C. C. P. A. (Customs) 56, C. A. D. 248. The court in the *Abercrombie* case, *supra,* did not describe the articles mentioned in paragraph 1527 (c) as "individual" articles. It did, however, make reference to "incidental" articles. In holding certain pocket warmers dutiable as assessed under the provision for "like articles" in paragraph 1527 (c), the court stated, at page 61:

* * * That the warmers here involved are used as incidental articles of personal comfort, just as are *certain* of the articles named in the paragraph is also true but that fact does not exclude them. [Italics ours.]

It is to be observed that our appellate court stated that *certain* of the articles in paragraph 1527 (c) were incidental articles.

The fact that buckles are *eo nomine* provided for in paragraph 1527 (c) obviously contemplates articles which after importation become attached to apparel, which, in turn, is "worn * * * on or about or attached to the person * * *." It was obviously not contemplated by Congress that a buckle would be carried in the pocket or purse as are certain of the articles enumerated in paragraph 1527 (c), such as cardcases, cigar cases, cigar cutters, cigar holders, cigar lighters, etc., but rather would be permanently attached for either utilitarian or ornamental purposes to some part of the apparel. It seems reasonable to assume that a buckle, in the ordinary meaning of the term, is designed and intended primarily for a utilitarian purpose, in this instance, in connection with a wrist watch and strap attached to the person of the wearer. The fact that these buckles are used for utilitarian purposes does not automatically take them out of the provisions of paragraph 1527. In *Gallagher & Ascher et al.* v. *United States,* 6 Ct. Cust. Appls. 105, T. D. 35343, the merchandise consisted of certain mechanical pencils which were assessed under paragraph 356 of the Tariff Act of 1913, the predecessor to the

present paragraph 1527. In holding these articles dutiable as assessed, the court said (p. 108):

It may be observed that the articles which are enumerated in the disputed provision are numerous and in some respects diverse. Some of them are wholly ornamental in character, for example, "vanity cases" and "millinery ornaments"; some are wholly utilitarian, for example, "cigar cutters" and "match boxes"; some may be both ornamental and useful, for example, "chains" and "cuff buttons." In one particular, however, they are all alike, and that is that in their customary use they are all carried upon the person of the user, not for warmth or protection like clothing, but rather as incidental articles of mere personal comfort, convenience, or adornment. This characteristic belongs also to the metal pencils now in question, and brings them within the provision for "like articles," which follows the list of enumerated articles in the paragraph.

The court, in making the above statement, could hardly have intended to include a buckle as an "incidental" article of mere personal comfort, convenience, or adornment. A buckle designed and intended to be used in completing or making usable an article to be attached to the person is not an "incidental" article. There would seem to be a characteristic about buckles which sets them apart from other articles mentioned by name in paragraph 1527 (c). Practically all of the named articles, other than buckles and dress buttons, are items obviously intended to be incidentally carried on or about the person, such as cardcases, chains, cigar cases, etc., or temporarily attached to the person, such as pins, combs, millinery, and military and hair ornaments. Buckles, on the other hand, are by their very nature designed and intended to be permanently attached or affixed to some article attached to the person of the user. They are usually permanently attached to the article in connection with which they are designed to be used.

The plaintiff in support of its claim cites *United States* v. *Wittnauer Co.*, 8 Ct. Cust. Appls. 370, T. D. 37628, wherein straps for holding wrist watches were held not to be articles worn on the person for comfort, convenience, or adornment. In so holding, the court observed that the *straps* were "not of any one of the above statutory enumerations" [paragraph 356, Tariff Act of 1913] nor were they a part of any such enumerations. In the present case, however, we are dealing with *buckles*, which are *eo nomine* provided for in the paragraph in question.

Our appellate court has held that articles to come within the predecessor paragraph 1428 of the Tariff Act of 1922 need not be such as are intended for purposes of ornament or personal adornment (*United States* v. *Chichester & Co.*, 14 Ct. Cust. Appls. 71, T. D. 41579). Samples are potent witnesses, and the articles before us in addition to being used for utilitarian purposes are also decidedly ornamental in character. Paragraph 1527 (c) (2) of the Tariff Act of 1930 provides *eo nomine* for "articles" valued above 20 cents per dozen pieces,

"designed to be worn on apparel or carried on or about or attached to the person, such as and including buckles * * *" and composed wholly or in chief value of metal other than gold or platinum.

We hold, therefore, that these buckles are properly dutiable as assessed at the compound rate of 110 per centum ad valorem under paragraph 1527 (c) (2) of the Tariff Act of 1930 as buckles "valued above 20 cents per dozen pieces, designed to be worn on apparel or carried on or about or attached to the person." The protest is overruled and judgment will be rendered accordingly.