UNITED STATES v. AMERICAN BEAD CO. (No. 1643).[1]

1. CONSTRUCTION—PARAGRAPH 356, TARIFF ACT OF 1913.

An article, to be dutiable under the third clause of paragraph 356, tariff act of 1913, must be *designed* to be worn on apparel or carried on or about or attached to the person, and, if not enumerated in the clause, must be *like* the articles enumerated. The word *designed* should not be construed to mean *susceptible* of being so worn or carried.

2. ROSARIES IN CHIEF VALUE OF SILVER-PLATED METAL, HOW DUTIABLE.

Rosaries in chief value of silver-plated metal, which are not designed for use as jewelry, which are not intended to be carried on or about or attached to the person or worn on or as a part of the attire, and which have only a devotional use, are not dutiable under the "jewelry paragraph" (356), tariff act of 1913, but are dutiable as articles plated with silver under paragraph 167.

United States Court of Customs Appeals, May 23, 1916.

APPEAL from Board of United States General Appraisers, Abstract 38766.

[Affirmed.]

*Bert Hanson*, Assistant Attorney General (*Thomas J. Doherty*, special attorney, of counsel), for the United States.

*Allan R. Brown* for appellee.

[Oral argument Feb. 10, 1916, by Mr. Hanson and Mr. Brown.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

SMITH, Judge, delivered the opinion of the court:

Rosaries of silver-plated metal and colored glass, metal chief value, imported at the port of New York, were classified by the collector

---

[1] Reported in T. D. 36456 (30 Treas. Dec., 938).

of customs as articles designed to be carried on or about the person and valued above 20 cents per dozen pieces. The importation was, accordingly assessed for duty at 60 per cent ad valorem, apparently under that part of paragraph 356 of the tariff act of 1913 which reads as follows:

356. * * * Articles valued at 20 cents per dozen pieces designed to be worn on apparel or carried on or about or attached to the person, such as and including buckles, card cases, chains, cigar cases, cigar cutters, cigar holders, cigarette cases, cigarette holders, coin holders, collar, cuff, and dress buttons, combs, match boxes, mesh bags and purses, millinery, military and hair ornaments, pins, powder cases, stamp cases, vanity cases, and like articles; all the foregoing and parts thereof, finished or partly finished, composed of metal, whether or not enameled, washed, covered, or plated, including rolled gold plate, and whether or not set with precious or semiprecious stones, pearls, cameos, coral, or amber, or with imitation precious stones or imitation pearls, 60 per centum ad valorem. * * *

The importers protested that the merchandise was not dutiable under paragraph 356, and claimed, among other things, that it was dutiable either at 20 per cent or 50 per cent ad valorem under the provisions of paragraph 167, which paragraph reads as follows:

167. Articles or wares not specially provided for in this section; if composed wholly or in part of platinum, gold, or silver, and articles or wares plated with gold or silver, and whether partly or wholly manufactured, 50 per centum ad valorem; if composed wholly or in chief value of iron, steel, lead, copper, brass, nickel, pewter, zinc, aluminum, or other metal, but not plated with gold or silver, and whether partly or wholly manufactured, 20 per centum ad valorem.

The Board of General Appraisers sustained the protest, and the Government appealed.

The appraiser, by way of answer to the protest, reported to the collector that the goods were rosaries of silver-plated metal and colored glass, metal chief value, and that they were designed to be carried on or about the person and had a value of more than 20 cents per dozen pieces.

At the hearing before the board counsel for the importers conceded that the rosaries were silver plated and that metal was the component material of chief value. The record made in another case, known as protest No. 765354, was then offered in evidence, and General Appraiser Sullivan, apparently acting for the board, made the following ruling:

No objection by Government counsel, the record in 765354 is made a part of the record in this case.

As under the rules of the board the record was not admissible in evidence unless it related to the same class of merchandise, and as the testimony on protest No. 765354 was not connected with the rosaries here involved, it is evident that the Government might well have opposed the incorporation of the record for lack of the proper preliminary proof. No such objection was made, however, and it

might well have been regarded by the board as waived, not only because there was ample opportunity, if not an invitation to make it, but because, under the circumstances, the failure to object might reasonably be considered as an admission that the rosaries in both cases were of the same kind, thus rendering unnecessary the remedying of a technical deficiency which, if attention had been called to it by objection, might have been cured.   But, however that may be, as appellant's brief announces that the Government is not disposed to be technical in the matter and assumes that the rosaries here in controversy are of the same general character and used in the same way as those covered by protest No. 765354, we think we may safely proceed on the assumption that the testimony originally introduced to determine the classification of the goods included in protest No. 765354 is applicable to the rosaries the classification of which is now the subject of dispute.   From that testimony it appears that the rosaries are of the class which are used by members of the Catholic Church for devotional - purposes.   Such rosaries are blessed by the church and are designed to encourage the saying of a certain number of prayers.   They are generally used for devotions in church and for morning and evening devotions at home.   They are usually kept in the home and are not carried except when required for devotions in church.   It further appeared from the testimony that the law of the church does not require that the rosaries should be carried constantly, and that, although there are few Catholics who do not possess a rosary, very few Catholics carry a rosary with them continuously.

The Government claims in support of its appeal that this evidence confirms the report of the appraiser inasmuch as it establishes that the rosaries in question are designed to be carried on or about the person, and from that the conclusion is drawn that the importation is dutiable as assessed under that part of paragraph 356 hereinbefore cited.   We do not think that that contention can be sustained.

Under the terms of the provision relied upon by the Government the articles specifically enumerated therein must be such as are designed—that is to say, made—to be worn on the apparel or carried on or about or attached to the person.   Articles not specifically enumerated are not within the paragraph unless they are like the enumerated articles and are designed to be worn or carried in the same way.   The rosaries here involved are not enumerated.   They are not intended to be worn on the apparel as are buckles, pins, collar buttons, cuff buttons, dress buttons, and millinery and military ornaments.   Neither are they suitable to be carried on or attached to the person as are chains, hair combs, and hair ornaments. They are, it is true, susceptible of being carried on or about the person, but it can hardly be said of them that they were designed or made for that purpose.   Rosaries of the kind under consideration

are used in the church and the home, and that use of them does not require them to be carried on or about the person in the same manner as are card cases, cigar cases, cigar cutters, cigar holders, cigarette cases, cigarette holders, coin holders, match boxes, mesh bags, purses, powder cases, stamp cases, and vanity cases. Articles of the class last named are carried on the person in order that they may be available for instant use, while the rosaries in controversy are not carried for immediate use, but for the purpose of transferring them from one place of use to another. Moreover, the rosaries bear no resemblance whatever, we think, to any of the articles enumerated in the tariff provision under which they were assessed for duty. Buckles, pins, collar buttons, cuff buttons, dress buttons, and millinery and military ornaments are intended to be worn on the apparel, and it is obvious that such things have nothing in common with the goods under discussion. The use for which the rosaries are intended and to which they are put radically distinguishes them from chains, hair combs, and hair ornaments. Card cases, cigar cases, cigar cutters, cigar holders, cigarette cases, cigarette holders, coin holders, match boxes, mesh bags, purses, powder boxes, stamp cases, and vanity cases designed to be carried on or about the person, are intended for the comfort, pleasure, convenience, or care of the person, and with them rosaries, which minister to the spiritual rather than the physical nature, can scarcely be compared.

Inasmuch as the testimony establishes that the goods imported are not designed to be worn on the apparel or carried on or about or attached to the person in the sense of the tariff provision under which they were assessed for duty; inasmuch as they are not like any of the articles therein enumerated; and inasmuch as they are shown to be composed of silver-plated metal and colored glass, metal chief value, we are of opinion that they are dutiable at 50 per cent ad valorem under the provisions of paragraph 167 as articles or wares of metal, plated with silver.

The question as to whether articles made up in the form of rosaries, but which are designed for use as jewelry, or which are intended to be worn on or as a part of the attire, or which have other than devotional uses, is not involved in this case and is therefore not considered.

The decision of the Board of General Appraisers is *affirmed.*