SCHOVERLING, DALY & GALES *et al. v.* UNITED STATES (No. 1632).[1]

POLICEMEN'S WHISTLES OF METAL, HOW DUTIABLE.

Policemen's whistles of metal are not dutiable under paragraph 356, tariff act of 1913, as metal articles designed to be carried on or about or attached to the person, but under paragraph 167 as articles or wares composed wholly or in chief value of metal.

United States Court of Customs Appeals, May 29, 1916.

APPEAL from Board of United States General Appraisers, Abstract 38257.

[Reversed.]

*Hatch & Clute (Edward S. Hatch* and *Walter F. Welch* of counsel) for appellants.

*Bert Hanson,* Assistant Attorney General (*Thomas J. Doherty,* special attorney, of counsel). for the United States.

[Oral argument Feb. 10, 1916, by Mr. Hanson.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

DE VRIES, Judge, delivered the opinion of the court:

These importations were of policemen's whistles. They were rated for duty by the collector of customs at the port of New York as articles valued at over 20 cents per dozen pieces, composed in chief value of metal and designed to be carried on or about or attached to the person, under the provisions of paragraph 356 of the tariff act of 1913. The importers protested and are the appellants here. They make claim that the merchandise is properly dutiable as articles or wares composed wholly or in chief value of metal under the provisions of paragraph 167 of the act.

Upon the authority of the following decisions rendered by this court, American Bead Co. and Wolff & Co. *v.* United States (7 Ct. Cust. Appls., 161; T. D. 36465); United States *v.* Sussfeld, Lorsch & Co. (7 Ct. Cust. Appls., 126; T. D. 36454); United States *v.* American Bead Co. (7 Ct. Cust. Appls., 132; T. D. 36456); Bischoff & Co. *v.* United States (7 Ct. Cust. Appls., 138; T. D. 36458); United States *v.* Malhami & Co. and Woolworth & Co. (7 Ct. Cust. Appls., 175; T. D. 36493), the decision of the Board of General Appraisers is *reversed.*

---

[1] Reported in T. D. 36491 (30 Treas. Dec., 1049).