## UNITED STATES *v* KRESS & Co. (No. 2507)[1]

1. CONSTRUCTION, PARAGRAPH 1428, TARIFF ACT OF 1922—ARTICLES OF PERSONAL CONVENIENCE.

   In order to be classifiable under paragraph 1428, Tariff Act of 1922, providing for "articles . *, * * designed to be worn on apparel or carried on or about or attached to the person, such as and including buckles, card cases * * *," etc., it is not sufficient for an article to be customarily worn or carried in the

described manner. It must also be like the things named. Even though designated by name, an article not suitable to be so worn or carried is not included. No article in chief value of metal, even if suitable to be so worn or carried, is included if it is designed to be used when not so worn or carried.

2. KEY RINGS AND SNAPS WITH LEATHER LOOPS—SEGREGATION.

Steel key rings, attached to steel snap hooks having leather loops through which the belt may be passed, are separable for duty purposes from the hooks and loops.

3. STEEL KEY RINGS.

Steel key rings are not specially designed to be carried on or about the person and are not like the articles named in paragraph 1428, Tariff Act of 1922. Consequently they are not classifiable thereunder, and the protest claim for dutiability under paragraph 399 as articles of metal was properly sustained.

### United States Court of Customs Appeals, May 4, 1925

APPEAL from Board of United States General Appraisers, G. A. 8889 (T. D. 40477)

[Affirmed.]

*William W. Hoppin,* Assistant Attorney General (*Oscar Igstaedter,* special attorney, of counsel), for the United States.
*Comstock & Washburn* (*Geo. J. Puckhafer* of counsel) for appellees.

[Oral argument Mar. 26, 1925, by Mr. Hoppin and Mr. Puckhafer]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

SMITH, Judge, delivered the opinion of the court:

Heavy steel key rings attached to steel snap hooks having leather loops, imported at the port of New York, and valued at more than 20 cents per dozen pieces, were classified by the collector as articles designed to be carried on or about or attached to the person and were accordingly assessed for duty at 80 per centum ad valorem under that part of paragraph 1428 of the Tariff Act of 1922, which reads as follows:

1428. * * * articles valued above 20 cents per dozen pieces, designed to be worn on apparel or carried on or about or attached to the person, such as and including buckles, card cases, chains, cigar cases, cigar cutters, cigar holders, cigarette cases, cigarette holders, coin holders, collar, cuff, and dress buttons, combs, match boxes, mesh bags and purses, millinery, military and hair ornaments, pins, powder cases, stamp cases, vanity cases, and like articles; * * * finished or partly finished, composed of metal, whether or not enameled, washed, covered, or plated, * * * and whether or not set with precious or semi-precious stones * * *.

The importers protested that the goods were articles of metal and dutiable under that part of paragraph 399 of the act of 1922, which reads as follows:

399. * * * if composed wholly or in chief value of iron, steel, lead, copper, brass, nickel, pewter, zinc, aluminum, or other metal, but not plated with platinum, gold, or silver, or colored with gold lacquer, whether partly or wholly manufactured, 40 per centum ad valorem.

The Board of General Appraisers sustained the protest and the Government appealed and now contends that as metal key rings are carried on or about or attached to the person they are subject to the 80 per centum duty imposed by section 1428.

The key rings are unquestionably carried on or about or attached to the person, but, unfortunately for the Government's contention, they do not belong to the class of typical articles which define the range of the provision and limit its scope. To come within the purview of the provision under which the goods were assessed an article *must be designed* to be worn on the apparel or to be carried on or about or attached to the person. If in shape, size, or make up an article is unsuitable to be carried on or about or attached to the person, it is not within the meaning of the provision although designated therein by name. Consequently large metal coin holders, combs, match boxes, chains, and cigar cutters which might be carried on or about or attached to the person, but are unsuitable to be so carried as articles of *personal* comfort or convenience, are excluded from the provision hereinbefore quoted, notwithstanding their *eo nomine* enumeration therein.

No article in chief value of metal, even if it be suitable to be carried on or about or attached to the person, is subject to the provisions upon which the Government relies if it is designed to be used and is made for use when not so carried. Normal size button hooks, tweezers, manicuring instruments, bottle openers, collapsible drinking cups, smelling-salts flasks in chief value of metal, keys to drawers, desks, trunks, and suit cases may be and are often carried on or about or attached to the person, nevertheless, as they are not designed for that purpose and as they are manufactured for use when not so carried, they are not within the meaning of the provision under consideration. *Rumpp & Sons* v. *United States*, 7 Ct. Cust. Appls. 203, 206–209, T. D. 36507. On the other hand, pedometers, metal compasses, wrist watch bracelets of leather or silk and metal, and traffic and police officers' whistles, although they are specially designed and suitable to be carried on or about the person and have no substantial use unless so carried, are not subject to the provision inasmuch as they are not enumerated therein and are not like the articles therein designated. *United States* v. *Sussfeld, Lorsch & Co.*, 5 Ct. Cust. Appls. 382, 384, T. D. 34875; *Shoverling* v. *United States*, 7 Ct. Cust. Appls. 172, T. D. 36491; *United States* v. *Wittnauer*, 8 Ct. Cust. Appls. 370, 372, T. D. 37628. The testimony clearly establishes that the key rings and the snaps with leather attachment are not entireties and may be. and are sold as separate commodities.

The key rings involved in this case are suitable to be carried on or about the person, but they were not designed or made for that purpose. Moreover, they are not like buckles, cardcases,

chains, cigar cases, cigar holders, cigarette cases, cigarette holders, coin holders, collar, cuff, and dress buttons, combs, match boxes, mesh bags, mesh purses, millinery, military, and hair ornaments, pins, powder cases, stamp cases, or vanity cases. Key rings are therefore not of the class or kind of articles which the paragraph names and makes determinative of classification. As was well said by the board, the key rings are no more subject to the rate of duty prescribed by paragraph 1428 than are the keys which the rings are designed to carry.

The judgment of the Board of General Appraisers must be *affirmed*.