UNITED STATES *v.* CHICHESTER & CO. (No. 2707)[1]

1. PRESUMPTION FAVORING COLLECTOR.

The collector's classification of combs under paragraph 1428, Tariff Act of 1922, raised a presumption that they were "designed to be worn on apparel or carried on or about or attached to the person."

2. ARTICLES OF PERSONAL CONVENIENCE.

To come within the provision of paragraph 1428, Tariff Act of 1922, for "articles * * * designed to be worn on apparel or carried on or about or attached to the person," goods need not be such as are intended for purposes of ornament or personal adornment. And articles *eo nomine* designated in the paragraph are not brought within it by the fact that they are at times so worn or carried; they must be *designed* for that purpose.

3. SMALL ALUMINUM COMBS IN PAPER CASES—ARTICLES OF PERSONAL CONVENIENCE—EVIDENCE, SUFFICIENCY.

Aluminum combs, in paper slide cases imitating leather, 5 inches long and about an inch wide at the widest part, were classified under paragraph 1428, Tariff Act of 1922, as articles "designed to be worn on apparel or carried on or about or attached to the person," and claimed to be classifiable as metal articles under paragraph 399. The protest was sustained on the sample and uncontradicted testimony that the combs were larger than pocket size and were used for dressing purposes. Such finding not appearing to be contrary to the weight of the evidence, must be affirmed.

United States Court of Customs Appeals, May 1, 1926

APPEAL from Board of United States General Appraisers, G. A. 9052, T. D. 41155

[Affirmed.]

*Charles D. Lawrence,* Assistant Attorney General (*Hugo P. Geisler,* special attorney, of counsel), for the United States.

*David Hyams* for appellees.

[1] T. D. 41579.

[Oral argument April 20, 1926, by Mr. Lawrence and Mr. Hyams]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

GRAHAM, Presiding Judge, delivered the opinion of the court:

On January 24, 1924, appellees imported certain combs at the Port of New York. These were classified by the collector under paragraph 1428 of the Tariff Act of 1922 as combs composed of metal, valued above 20 cents per dozen pieces, designed to be worn on apparel or carried on or about or attached to the person, at 80 per centum ad valorem. The importers protested, claiming the same to be properly dutiable as manufactures of metal, under paragraph 399 of said act. On appeal, the court below sustained the protest, and the Government appeals.

The competing paragraphs of the statute are as follows:

PAR. 399. Articles or wares not specially provided for, if composed wholly or in chief value of platinum, gold, or silver, and articles or wares plated with platinum, gold, or silver, or colored with gold lacquer, whether partly or wholly manufactured, 60 per centum ad valorem; if composed wholly or in chief value of iron, steel, lead, copper, brass, nickel, pewter, zinc, aluminum, or other metal, but not plated with platinum, gold, or silver, or colored with gold lacquer, whether partly or wholly manufactured, 40 per centum ad valorem.

PAR. 1428. Jewelry, commonly or commercially so known, finished or unfinished, of whatever material composed, valued above 20 cents per dozen pieces, 80 per centum ad valorem; rope, curb, cable, and fancy patterns of chain not exceeding one-half inch in diameter, width, or thickness, valued above 30 cents per yard; and articles valued above 20 cents per dozen pieces, designed to be worn on apparel or carried on or about or attached to the person, such as and including buckles, cardcases, chains, cigar cases, cigar cutters, cigar holders, cigarette cases, cigarette holders, coin holders, collar, cuff, and dress buttons, combs, match boxes, mesh bags and purses, millinery, military and hair ornaments, pins, powder cases, stamp cases, vanity cases, and like articles; all the foregoing and parts thereof, finished or partly finished, composed of metal, whether or not enameled, washed, covered, or plated, including rolled gold plate, and whether or not set with precious or semiprecious stones, pearls, cameos, coral or amber, or with imitation precious stones or imitation pearls, 80 per centum ad valorem; stampings, galleries, mesh, and other materials of metal, whether or not set with glass or paste, finished or partly finished, separate or in strips or sheets, suitable for use in the manufacture of any of the foregoing articles in this paragraph, 75 per centum ad valorem.

The consular invoice describes the goods in question here as 50 gross of "aluminum pocket combs, each comb in a paper slide." They were entered with other aluminum combs not in question here as manufactures of metal. The official sample shows the combs in question to be 5 inches in length, about 1 inch in width at the widest part, and inclosed in a paper case, made in imitation of black leather, of approximately the same size. It is conceded that the combs are valued above 20 cents per dozen pieces.

Paragraph 1428 provides specifically for "articles * * * designed to be worn on apparel or carried on or about or attached to the

person, such as and including * * * combs * * * composed of metal." It must be at once apparent, therefore, that the only question involved here is whether the combs imported were so designed. If they were, they are *eo nomine* provided for, and such designation would be more specific than manufactures of metal in paragraph 399.

When the importers went to hearing before the court below on their protest the collector's classification of the goods imported raised the presumption that the goods imported were designed to be worn on apparel or carried on or about or attached to the person. To meet this presumption the importers called one witness, Morris Zitser, associated with the importer for 33 years in the business of handling combs. He stated that the cases and combs were purchased separately and imported together; that the combs are used for combing the hair and not for personal adornment; that the combs are sold both with and without the cases. As to the use of the combs he said:

Q. Have you ever seen anybody carrying these in their pockets?—A. I have not seen that particular aluminum comb carried in the pocket, no; but it is reasonable to assume that the comb might be put in the pocket.

Q. This comb is pocket size?—A. No; the pocket size would be $3\frac{1}{2}$ to 4 inches in length. That is a 5-inch comb used for dressing purposes.

*          *          *          *          *          *          *

Q. Is there anything about this that would prevent your carrying it in the pocket?—A. No; nothing about this that would prevent you from carrying it in your pocket any more than any other article.

*          *          *          *          *          *          *

Q. These combs, Exhibit 1, when they are carried, are carried concealed in the pocket?—A. They are concealed in the pocket.

On the part of the Government, William A. McDevitt, examiner, testified that he had seen combs of the same size but of different material in use, and that when so used, "they were used in the case in the pocket."

Appellee argues that the combs in question, being never used for an ornamental purpose or for the purpose of personal adornment and being incapable, from their appearance, of any such use, are not *ejusdem generis* with the articles named in paragraph 1428, and hence do not come within the scope of this paragraph. We have held that articles to come within paragraph 1428 need not be such as are intended for purposes of ornament or personal adornment. *Gallagher & Ascher* v. *United States*, 6 Ct. Cust. Appls. 105; *Andrews & Co.* v. *United States*, 11 Ct. Cust. Appls. 502.

On the other hand, the fact that certain articles imported, even though *eo nomine* designated by paragraph 1428, may be at times worn on the apparel or carried on or about or attached to the person does not in itself bring them within that paragraph. They must also be *designed* for that purpose. *United States* v. *Kress & Co.*, 13 Ct. Cust. Appls. 66; T. D. 40885. In the case cited, key rings, suitable

for being carried on the person, were held to be not within paragraph 1428 because not shown to be designed for such use. So in this case the combs in question, although it is shown they are at times carried on the person, must be designed for that purpose, if the classification of the collector is to stand.

The court below had before it the sample and the sworn statement of the importer that the combs in question were not pocket size, that the pocket size would be 3½ to 4 inches in length, and that the combs imported were used for dressing purposes. This testimony was not in any way contradicted or impeached. If untrue, it was easily within the power of the Government to assert and prove the contrary. It is argued that the combs were inclosed in cases, and that this demonstrates their design for a use on or about the person. While we might so conjecture, there is absolutely nothing in the record to indicate the purpose for which these slides are designed or used except as a receptacle for the comb. Sometimes the combs are sold with them; sometimes without.

We have had much difficulty with this case because of the paucity of the record. However, the court below, after a hearing, determined the issues for the protestant. We can not say after an examination of the record that this finding is without evidence to support it or clearly contrary to the weight of the evidence. The conclusion we have arrived at herein is predicated alone upon the record before us and should not be taken as any attempt by us to determine the classification of the articles imported upon facts which might be presented by another and a different record.

The judgment of the court below is therefore *affirmed*.