Coty (Inc.) *v.* United States (No. 3307)[1]

United States Court of Customs and Patent Appeals, April 29, 1930

*James W. Bevans* for appellant.
*Charles D. Lawrence*, Assistant Attorney General (*Hugo P. Geisler*, special attorney, of counsel), for the United States.

---

[1] T. D. 44003.

34

[Oral argument April 18, 1930, by Mr. Bevans and Mr. Lawrence].

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

GRAHAM, Presiding Judge, delivered the opinion of the court:

The appellant imported certain metal lip-stick holders which were classified by the collector under the following provision of paragraph 1428 of the Tariff Act of 1922:

PAR. 1428. * * * and articles valued above 20 cents per dozen pieces, designed to be worn on apparel or carried on or about or attached to the person, such as and including buckles, cardcases, chains, cigar cases, cigar cutters, cigar holders, cigarette cases, cigarette holders, coin holders, collar, cuff, and dress buttons, combs, match boxes, mesh bags and purses, millinery, military and hair ornaments, pins, powder cases, stamp cases, vanity cases, and like articles; all the foregoing and parts thereof, finished or partly finished, composed of metal, whether or not enameled, washed, covered, or plated, including rolled gold plate, and whether or not set with precious or semiprecious stones, pearls, cameos, coral or amber, or with imitation precious stones or imitation pearls, 80 per centum ad valorem; * * *.

The importer protested, claiming the goods to be dutiable as manufactures of metal not enumerated, under paragraph 399, or as household utensils, in chief value of base metal, under paragraph 339 of said act. The Customs Court overruled the protest and sustained the classification, and the importer has appealed.

On the hearing below samples of the merchandise were offered and considerable testimony taken. This testimony is to the effect that the articles in question are imported empty, filled by the appellant with lip sticks after they are imported, and are then sold to women who use them in making their toilet at their homes, on the streets, and elsewhere. The articles are not only carried by women upon their persons, but there is some evidence that occasionally these articles are left at their homes on their dressers for use in making their toilets.

The merchandise, as shown by the samples, is of two styles. They are cylindrical in shape, have a small removable cap, and a device at the other end which, on being turned, will withdraw or project the lip stick, as desired. One variety is about 2½ inches in length by one-half inch in diameter, and the other is about 2 inches in length by ten-sixteenths of an inch in diameter. It is conceded that they are not plated with gold, silver, platinum, or other precious metal. No question is raised as to their value.

We are totally unable to discern any difference in principle between this case and *Lionel Trading Co.* v. *United States*, 15 Ct. Cust. Appls. 365, T. D. 42562. Almost identically the same articles were involved in that case, and the court, speaking through Barber, Judge, called attention to the fact that the test of classification under this statute

was not the use of the articles but the purpose for which they were designed.

It must be obvious to anyone who inspects the samples, or who reads this testimony now before us, that the articles are designed to be carried upon the person. No particular object is apparent why they should be made in the form they are, with a cover for the lip-stick contents, if they were intended to be kept on the dressing table of a lady, for use there.

The importer relies upon *United States* v. *Kress & Co.*, 13 Ct. Cust. Appls. 66, T. D. 40885, and *United States* v. *Chichester & Co.*, 14 Ct. Cust. Appls. 71, T. D. 41579, wherein certain key rings and combs, respectively, were held to be not articles designed to be carried on or about the person, under said paragraph 1428. Those cases, however, are not authority here. In both the cited cases, the articles were large and, while sometimes actually carried on the person, were not designed for that purpose. Therein the cases differ from the case at bar.

In our opinion the case is controlled by the *Lionel Trading Co.* case, *supra,* and the judgment of the Customs Court is, therefore, *affirmed.*