BEFORE THE THIRD DIVISION, OCTOBER 15, 1940

No. 44558.—Protest 963095-G of M. & P. Importing Co. (San Francisco).

CLINE, Judge: This is a suit against the United States in which the plaintiff seeks to recover a portion of the duty assessed on certain pins or badges in chief value of copper assessed at rates amounting to 110 percent ad valorem under paragraph 1527 of the Tariff Act of 1930. The plaintiff claims that the imported articles are properly dutiable at 45 percent ad valorem under paragraph 397.

A sample of the imported merchandise was introduced in evidence and marked "Exhibit 1." The face of the article is in the shape of a black dog—a terrier— standing on a brass-colored ground. At the bottom of the design the words "Catto's Scotch Whisky" appear in brass-colored letters on a black ground work. A pin clasp is attached to the back of the article. It was stipulated between counsel that the merchandise is composed in chief value of copper and that it is not plated with platinum, gold, or silver, or colored with gold lacquer.

The plaintiff introduced the testimony of Mr. Franklin H. Addison who had been connected with the importing company for a year and a half. He testified that he has seen the articles in possession of the firm and had observed how they were used; that the articles were distributed by the importing firm to those who handle Catto's Scotch whisky; that they are worn by bartenders and clerks at the time they are on duty and the pins pertain to the liquor business; that he had not seen the articles worn by anyone other than bartenders and clerks; that the pins are used to advertise that particular brand of whisky on the premises of the people who have the badges in their possession; that he wears one of the pins and other employees of the firm wear them; that he wears the pin to identify himself with the particular type of whisky and for advertising that brand of whisky; that he does not wear it as an ornament. On cross-examination the witness testified that the articles were designed to be worn on apparel or carried on or about or attached to the person.

The next witness called by the plaintiff was Mr. Gerald J. Hennessy, who testified that he had been in the employ of the importing firm for approximately 6 months and during that time he had observed articles like Exhibit 1 being used by other people; that prior to his employment with the importing firm he had not observed such articles in use. The parties then stipulated that if the same questions were asked the witness that were put to the preceding witness his answers would be the same.

An examination of the invoice shows that the appraiser advisorily classified the merchandise as "Jewelry, not gold or silver, copper C. V., 1527, 110%." Evidently the collector did not adopt the advisory classification of the articles as "Jewelry" but returned the merchandise as articles designed "to be worn on apparel or carried on or about or attached to the person" under subparagraph (c) of the same paragraph, for the appraiser's report, which is dated within 90 days after the protest was filed, reads as follows:

This protest relates to "Catto's Scotch whiskey badges". These badges are composed of metal, in chief value of copper, valued above 20¢ per dozen pieces. They are designed to be worn on the person and are, therefore, dutiable as returned by this office at 110% ad valorem under paragraph 1527 (c).

The collector transmitted this report to the court but did not comment on the classification. The tariff provisions involved in this case read as follows:

PAR. 397. Articles or wares not specially provided for, * * * if composed wholly or in chief value of iron, steel, lead, copper, brass, nickel, pewter, zinc, aluminum, or other metal, but not plated with platinum, gold, or silver, or colored with gold lacquer, whether partly or wholly manufactured, 45 per centum ad valorem.

PAR. 1527 (c). Articles valued above 20 cents per dozen pieces, designed to be worn on apparel or carried on or about or attached to the person, such as and including buckles, cardcases, chains, cigar cases, cigar cutters, cigar holders, cigar lighters, cigarette cases, cigarette holders, coin holders, collar, cuff, and dress buttons, combs, match boxes, mesh bags and purses, millinery, military and hair ornaments, pins, powder cases, stamp cases, vanity cases, watch bracelets, and like articles; all the foregoing and parts thereof, finished or unfinished:

\*   \*   \*   \*   \*   \*   \*

(2) composed wholly or in chief value of metal other than gold or platinum (whether or not enameled, washed, covered, or plated, including rolled gold plate), * * * 1 cent each and in addition thereto three-fifths of 1 cent per dozen for each 1 cent the value exceeds 20 cents per dozen, and 50 per centum ad valorem.

The plaintiff contends that the use of the articles shown by the evidence precludes classification under paragraph 1527, citing *International Harvester Co.* v. *United States*, Abstract 10417, 56 Treas. Dec. 942, in support of his contention. The merchandise in that case consisted of small ornamental silver-plated badges having the word "International" in silver-plated letters across the face of the badge with a safety-pin attachment at the back. In commenting on the testimony in the opinion, the court gave a more minute descript on of the article showing that the face of the badge consisted of two white diamond-shaped parts and a central blue diamond-shaped part united with the word "International" across their faces. A review of the decision shows also that the badges were distributed to International truck owners, drivers, and chauffeurs who wore them on their hats for advertising purposes; that the design on the pin also appeared on the front part of the trucks and was used in advertisements of the trucks in magazines. The merchandise was classified under the provision for "articles * * * designed to be worn on apparel or carried on or about or attached to the person" in paragraph 1428 of the Tariff Act of 1922. The court held that the pins were not within the provision because they were not worn alone for personal comfort, convenience, or adornment and that they were not worn "by all classes," citing *L. D. Bloch* v. *United States*, Abstract 49551, 47 Treas. Dec. 1103, covering Mandarin hat buttons; *United States* v. *Gaunt*, 15 Ct. Cust. Appls. 94, T. D. 42183, covering badges worn by the United States Marine Corps; *United States* v. *Horstmann*, 14 Ct. Cust. Appls. 443, T. D. 42079, covering chains used to attach saber scabbards to officer's belts; *N. S. Meyer, Inc.* v. *United States*, Abstract 3513, 52 Treas. Dec. 511, covering reguerres and metal slides or pins worn on military uniforms to suspend therefrom medals or other military decorations. Another case bearing on the issue in this case is *Salvation Army* v. *United States*, Abstract 4173, 52 Treas. Dec. 646, covering Salvation Army badges. In all of the decisions cited the merchandise was held not classifiable under the provision for "articles designed to be worn on apparel or carried on or about or attached to the person" under paragraph 1428 of the Tariff Act of 1922. In the case of *United States* v. *Horstmann, supra*, the court said at page 445:

The chains in question were designed for the exclusive use of officers in the military service. They are an essential part of such officers' equipment—made such by military regulations and worn as such. They are not worn as incidental articles of mere personal comfort, convenience, or adornment, but as an essential part of their equipment. The chains in question are vocational articles; and while chains are *eo nomine* provided for in paragraph 1428, these are not the kind intended to be covered by that designation.

The same rule was adopted under paragraph 356 of the Tariff Act of 1913 which contained substantially the same provision. See *United States* v. *Sussfeld, Lorsch & Co.*, 7 Ct. Cust. Appls. 126, T. D. 36454, covering pedometers; *United States* v. *American Bead Co.*, 7 Ct. Cust. Appls. 132, T. D. 36456, covering rosaries;

Schoverling, Daly & Gales v. United States, 7 Ct. Cust. Appls. 172, T. D. 36491, covering policemen's whistles; Mandel Bros. v. United States, T. D. 36686, 31 Treas. Dec. 200, covering medals designed to be used as articles of devotion; United States v. Wittnauer Co., 8 Ct. Cust. Appls. 370, T. D. 37628, and United States v. Strasburger & Co., 9 Ct. Cust. Appls. 138, T. D. 37982, covering wristlets or straps for holding wrist watches.

In Gemsco v. United States, Abstract 27856, 65 Treas. Dec. 1492, military insignia was held dutiable at 45 percent ad valorem under paragraph 397 of the Tariff Act of 1930 rather than at 110 percent ad valorem under paragraph 1527 (c) (2).

A review of the decisions cited shows that under three successive tariff acts the trend of decisions has been to hold vocational articles not to be included within the provision for articles designed to be worn on apparel or carried on or about or attached to the person.

Counsel for the defendant, in his brief, rests on the point that the importer failed to establish that the pins herein involved are not distributed to persons other than employees of the firm and dealers selling Catto's Scotch whisky. He states:

The record discloses that the articles at bar are "distributed" by the importer among dealers who sell a particular type of whiskey. However, the important question,—which is not answered in the present record,—is whether the dealers make a further distribution of the articles among other persons. Since plaintiff has failed to offer any proof with respect to this essential question, it seems obvious that it has failed to sustain the burden of proof which rests upon it.

The record shows that the plaintiff attempted to introduce evidence to bring out the kind of testimony which defendant contends is lacking in the record, but the first preliminary question on that point, in which the witness was asked whether his firm gave more than one badge to each employee or dealer, was objected to by counsel for the defendant on the ground that it was immaterial and further questions on that point were not pressed. As stated by Judge Bland and Judge Garrett in their dissenting opinion in United States v. W. X. Huber Co., 21 C. C. P. A. 567, T. D. 46991, at page 572, "it seems, to say the least, unusual for the Government to object to the introduction of competent testimony, succeed in having it excluded, and then complain in this court because the record does not contain the necessary proof." However, the fact that witnesses who were familiar with the use of the badges had not seen the articles worn by persons not connected with Catto's Scotch whisky raises a presumption that their observations coincide with the facts.

We find that the badges herein involved are worn by employees of the importing firm, and by bartenders dispensing liquors, for the purpose of advertising a particular brand of whisky, and that they are in the nature of vocational articles, and we hold that they are not dutiable under the provision for "articles valued above 20 cents per dozen pieces, designed to be worn on apparel or carried on or about or attached to the person" in paragraph 1527 (c) of the Tariff Act of 1930 as classified by the collector. Although the question as to whether the articles are jewelry was not raised by the defendant, the testimony showing that the dominant or chief use of the articles is for advertising purposes precludes classification of the merchandise as jewelry. Such merchandise is not within the definition of jewelry in United States v. European Watch & Clock Co., 11 Ct. Cust. Appls. 363, T. D. 39160, wherein the classification of wrist watches and watch bracelets was under consideration. Also finger rings having a small watch movement set therein were held not dutiable as jewelry under paragraph 1527 of the Tariff Act of 1930. Bullocks, Inc. v. United States, Abstract 37098, 72 Treas. Dec. 933.

364

We hold that the articles herein involved are dutiable at 45 percent ad valorem under paragraph 397 of the Tariff Act of 1930. The protest is sustained. Judgment will be entered in favor of the plaintiff.