BEFORE THE FIRST DIVISION, MARCH 25, 1948

No. 52234.—General Shoe Corporation *v.* United States, protest 103942–K (Memphis).

OLIVER, Presiding Judge: This is a suit against the United States by protest against the assessment of duty by the collector of customs at the port of Nashville, Tenn., on 50,000 pairs of iron shoe buckles imported from Mexico. The involved articles were classified at a compound rate aggregating 110 percent ad valorem under paragraph 1527 (c) (2), Tariff Act of 1930, as articles in chief value of metal other than gold or platinum, valued at above 20 cents per dozen pieces, which are "designed to be worn on apparel or carried on or about or attached to the person, such as and including buckles * * *."

Counsel for the plaintiff corporation conceded that these buckles are valued at above 20 cents per dozen pieces (R. 8) but claims they are excluded from the provisions of paragraph 1527 (c) (2), *supra*, and are dutiable instead at 45 percent ad valorem as manufactures of base metal, not specially provided for, under paragraph 397 of the same act.

The respective provisions of the statute, so far as pertinent, are:

PAR. 397. Articles or wares not specially provided for * * *; if composed wholly or in chief value of iron * * * but not plated with platinum, gold, or silver, or colored with gold lacquer, whether partly or wholly manufactured, 45 per centum ad valorem.

PAR. 1527. (c) Articles valued above 20 cents per dozen pieces, designed to be worn on apparel or carried on or about or attached to the person, such as and including buckles * * * , and like articles; all the foregoing and parts thereof, finished or unfinished.

*       *       *       *       *       *       *

(2) composed wholly or in chief value of metal other than gold or platinum * * * 1 cent each and in addition thereto three-fifths of 1 cent per dozen for each 1 cent the value exceeds 20 cents per dozen, and 50 per centum ad valorem.

Official samples of the buckles in controversy were received in evidence as plaintiff's collective exhibit 1. A photograph of a military oxford and buckles, which the witness testified represented the buckle and the type of shoe on which it was employed by the plaintiff, was received in evidence as exhibit 2 (R. 4). There appears to be no dispute as to the facts. The imported buckles are ordinary small iron buckles, not plated with platinum, gold, or silver, or colored with gold lacquer. They were used in lieu of a shoelace on a type of men's oxford shoe known as a "military oxford." There is, however, no special significance in the term "military" which is merely descriptive of this type of shoe which is sold widely to the civilian trade as well as to military personnel. (R. 11, 12.)

The administrative assistant to the director of purchase of the plaintiff corporation testified that the buckles in issue were imported by his firm for use on a military strap oxford which the plaintiff corporation was making; that the purpose of affixing the buckle to the shoe was to hold the shoe on the foot in the same manner in which a shoelace is used in a lace-type shoe (R. 3, 9, 11) and that the buckle as so used has no ornamental value. He further testified that to fasten the buckle on the shoe, a piece of the leather is looped over the center piece of the buckle and sewn in place with thread; that the buckle is not removable without destroying a portion of the shoe and that it is not adapted on this particular type of footwear for any use other than as a substitute for shoe lacings (R. 12).

On cross-examination, the witness testified respecting the use of the buckle herein, that "I don't think it can be used for anything else" (R. 13) and that it could not be used as a vest or trouser buckle because the center piece on the imported buckle is not stable and it would take some firm material on each side to hold it in place; that the buckle could be placed on a lady's belt but that it is

"not an attractive buckle" (R. 14). The witness further stated that the buckle was in condition ready for use as a buckle at the time it was imported. He admitted that shoes are wearing apparel which are worn on the person and that the buckles are on the shoes when so used but stated, however, that as an experienced man in the shoe business, he would not consider this buckle as having any ornamental value at all (R. 15).

Interrogation of the witness by the trial judge brought out that the kind of buckle illustrated by collective exhibit 1 is used by the importer solely on men's shoes (R. 16); that for approximately 4 years the witness knew of this precise type of buckle and that he knew of no other use for it except on these so-called military oxfords. The witness further testified that he did not know whether these buckles were made on order of the plaintiff corporation or whether or not it submitted the design to the manufacturer (R. 17); that his company does not rely solely upon these imported buckles to complete those particular shoes; that these buckles were imported because the firm could not obtain enough in this country and that none have been imported since the importation before us nor were any imported before this particular shipment and that the same type of buckle as that in issue is now being made in this country (R. 18, 19). No testimony was introduced by the Government in support of the collector's classification.

The importer, in its brief, contends that paragraph 1527 (c) (2) of the tariff act under which the merchandise was classified covers ornamental buckles or removable buckles and is not intended to cover a buckle which is a functional part of a shoe, and that Congress intended to include in the above paragraph incidental articles of mere personal comfort, convenience, or adornment, and specially designed for such purpose. In the case of *United States* v. *Chichester & Co.*, 14 Ct. Cust. Appls. 71, T. D. 41579, the merchandise consisted of five-inch aluminum combs which were carried in cases, and the court, holding them to be excluded from classification under the predecessor paragraph 1428 of the Tariff Act of 1922, stated (p. 73):

\* \* \* the fact that certain articles imported, even though *eo nomine* designated by paragraph 1428, may be at times worn on the apparel or carried on or about or attached to the person does not in itself bring them within that paragraph. They must also be *designed* for that purpose. *United States* v. *Kress & Co.*, 13 Ct. Cust. Appls. 66; T. D. 40885.

In the *Chichester* case, *supra*, our appellate court further stated that articles to come within paragraph 1428 of the Tariff Act of 1922 need not be such as are intended for purpose of ornament or personal adornment.

The Government, on the other hand, in its brief cites a number of decisions of our appellate court wherein articles not ornamental in character or use but carried or worn merely for the comfort and convenience of the person were held dutiable under paragraph 1527 (c) (2) of the Tariff Act of 1930 and correlative provisions in prior tariff acts. In *Levy Corp. et al.* v. *United States*, 12 Ct. Cust. Appls. 181, T. D. 40168, cited by the Government, the court held that articles such as puff and powder boxes, lipsticks, tablets with pencils, hairpin boxes, and perfume flasks, imported to be carried in handbags but not specially designed as permanent fittings for them, were articles of personal convenience "carried on or about the person" and properly classified under the predecessor paragraph 356 of the Tariff Act of 1913. In *Andrews & Co.* v. *United States*, 11 Ct. Cust. Appls. 502, T. D. 39658, the merchandise consisted of sleeve holders made of coiled steel wire. Our appellate court held that although the articles therein were not worn for ornamental purposes, they were nevertheless dutiable under the correlative provision in paragraph 356, Tariff Act of 1913, as metal articles to be carried on the person.

It is apparent from the foregoing that ornamentation alone is not the sole determining factor in the classification of articles under paragraph 1527 and plaintiff's contention that the buckles herein are excluded from that paragraph because they are not worn solely for ornamental purposes is untenable. However, articles to come within paragraph 1527 (c) must be *designed* to be worn on apparel or carried on or about or attached to the person. In *Coty (Inc.)* v. *United States*, 18 C. C. P. A. 33, T. D. 44003, it was held that the test of classification under paragraph 1428, Tariff Act of 1922, is not the use of the article but the purpose for which it is designed.

In *United States* v. *Kress*, 13 Ct. Cust. Appls. 66, T. D. 40885, merchandise consisting of metal key rings was held not classifiable under the correlative provision in paragraph 1428 of the Tariff Act of 1922, as contended by the Government, because they were not specially designed to be worn or carried on the person. The court therein stated (p. 68): "No article in chief value of metal, even if it be suitable to be carried on or about or attached to the person, is subject to the provisions upon which the Government relies if it is designed to be used and is made for use when *not* so carried." [Italics supplied.] It has been held that normal size buttonhooks, tweezers, manicuring instruments, bottle openers, collapsible drinking cups, keys to drawers, trunks, and suitcases, while they may be and are often carried on or about or attached to the person, nevertheless, they do not fall within the provision under consideration as they are not designed for that purpose and as they are manufactured for use when not so carried. (*Rumpp & Sons* v. *United States*, 7 Ct. Cust. Appls. 203, T. D. 36507.)

It is immaterial that the articles at bar may also be included within the description covering articles of metal, not specially provided for, in paragraph 397 of the Tariff Act of 1930. The provisions in paragraph 1527 (c) (2) for metal "buckles" which are "designed to be worn on apparel" is more specific than the general provision in paragraph 397 for manufactures of base metal, not specially provided for. In *Hensel* v. *United States*, 6 Ct. Cust. Appls. 162, T. D. 35434, certain novelty pencils in chief value of metal were assessed as articles to be carried on the person under the predecessor paragraph 356, Tariff Act of 1913. It was claimed therein that the articles were dutiable instead as manufactures of metal, not specially provided for, under paragraph 167 of the 1913 tariff act, the correlative provision to paragraph 397 of the present act. Our appellate court, in holding that paragraph 356 was more specific, stated (p. 167):

* * * the special enumeration in paragraph 356, *supra*, of articles valued above 20 cents per dozen pieces designed to be worn on apparel or carried on or about or attached to the person, composed (in chief value) of metal, *is more specific* as applied to the present merchandise than the provisions of paragraph 167, *supra*, for articles or wares *not specially provided for*, composed wholly or in chief value of metal. [Italics supplied in part.]

Although the articles before us respond to the descriptions in both paragraph 1527 (c) (2) and paragraph 397 of the present tariff act, the limited paragraph under which they are assessed (1527 (c) (2)) should control rather than the general paragraph under which the importer claims (paragraph 397).

The collector's classification raises a presumption that the articles before us were "designed to be worn on apparel or carried on or about or attached to the person" (par. 1527 (c) (2)). The importer had the burden not only of overcoming this presumption but also of affirmatively establishing its own claim. (*United States* v. *Kurtz*, 21 C. C. P. A. 12, T. D. 46320.) No evidence was introduced by the plaintiff to establish that the shoe buckles herein were not designed to be worn on apparel or carried on or about or attached to the person. On the contrary, the testimony of the plaintiff's witness who stated that these shoe buckles were not suitable for any use other than in the manner used herein supports the collector's classification.

Upon the record before us and the authorities cited, we hold that the plaintiff has failed to overcome the presumption of correctness attaching to the collector's classification and find that the articles before us are properly dutiable as assessed. The protest is overruled and judgment will be rendered accordingly.