BEFORE THE FIRST DIVISION, JULY 5, 1951

No. 55742.—Zoltan Erdosi *v.* United States, protest 133973–K (San Diego).

OLIVER, Chief Judge: This protest is against the classification made by the collector of certain merchandise invoiced as "silver sheets." It was classified for duty under paragraph 1527 (d), Tariff Act of 1930, at the rate of 80 per centum ad valorem as "materials of metal * * * suitable for use in the manufacture of" the articles enumerated in that paragraph. The plaintiff claims these plain silver sheets to be properly dutiable under paragraph 397, as modified by the trade-agreement with Mexico (T. D. 50797), at 32½ per centum ad valorem as "Articles or wares not specially provided for, if composed wholly or in chief value of silver," or, in the alternative, free of duty under paragraph 1638 of the act as silver bullion.

The pertinent portions of the involved paragraphs of the Tariff Act of 1930 are as follows:

PAR. 1527. (d) Stampings, galleries, mesh, and other materials of metal, * * * finished or partly finished, separate or in strips or sheets, suitable for use in the manufacture of any of the foregoing articles in this paragraph, if of gold or platinum, 75 per centum ad valorem; if of other metal or metals, plated or unplated, 80 per centum ad valorem.

PAR. 397 [as modified by the trade agreement with Mexico, T. D. 50797]. Articles or wares not specially provided for, if composed wholly or in chief value of silver, 32½ per centum ad valorem.

PAR. 1638. Bullion, gold or silver.

There are no samples of the merchandise before us and no witnesses were called by either side. The case was submitted upon the official papers and an agreement between counsel for the respective parties that the merchandise consists of "silver sheets measuring approximately twenty inches in width, varying in lengths, by .035 in thickness; average weight of single sheet, approximately 22 pounds." (R. 7.)

At the close of the case, the defendant moved to dismiss the protest herein on the ground that there was a failure of proof on the part of the plaintiff, and decision on this motion was reserved by the court for the division. For reasons which will be subsequently adverted to, this motion is now denied with an exception to the defendant.

The plaintiff, in support of his claim, directs our attention to *United States v. American Bead Co. et al.*, 9 Ct. Cust. Appls. 27, T. D. 37873, and *United States v. Chichester & Co.*, 14 Ct. Cust. Appls. 71, T. D. 41579. These cases, however, are not controlling in the present case. In the *Chichester* case, *supra*, the issue was whether or not certain aluminum combs, which were not pocket size, and which were used for dressing purposes, were dutiable under paragraph 1428, Tariff Act of 1922, as articles "designed to be worn on apparel or carried on or about or attached to the person." The court there held that they were not so dutiable,. inasmuch as, while they might at times have been carried on the person, it was not shown that they were designed for that purpose. In the *American Bead Co.* case,

*supra*, certain metal snaps, clasps, and swivels, used in the manufacture of bead necklaces and neck, fan, vest, and eyeglass chains, were classified under paragraph 356, Tariff Act of 1913, as parts of chains, and were claimed dutiable under paragraph 167 of the said act as metal articles or under paragraph 356 as materials of metal suitable for use in the manufacture of the articles named in the paragraph. The court held that an article not an actual constituent of a manufacture cannot be considered a "part" thereof unless it has been advanced to a point which definitely commits it to that specific class and kind of manufacture. Inasmuch as it was shown that the articles there in question were just as applicable to the making of bead necklaces as they were to the making of chains, the court found they were not finally committed to the manufacture of chains and were, therefore, not parts of chains. The question of "parts," however, is not involved in the present case. As the evidence in the *American Bead Co.* case, *supra*, established that the involved snaps, clasps, and swivels were materials of metal and that, as imported, they were largely used and commercially suitable for the manufacture of chains designed to be worn on or attached to the person, they were held dutiable under paragraph 356 of the act wherein chains were specifically enumerated.

The goods here in question are not stampings, galleries, or mesh, and, therefore, before they can be held dutiable as assessed, they must be found to be within the category of "other materials of metal" suitable for use in the manufacture of any of the articles specified in paragraph 1527. In *Kahlen* v. *United States*, 2 Ct. Cust. Appls. 206, T. D. 31947, our appellate court, in passing on the suitability of onionskin paper for printing purposes, assessed under paragraph 402 of the Tariff Act of 1897, at page 208, stated:

* * * From the fact that a thing may be used or has been used for a particular end it does not necessarily follow that it is commercially suitable therefor, and evidence of a casual, incidental, exceptional, or possible use of a thing can not be accepted as proof of its suitability for such use. * * * A thing to be suitable, as that term is commonly understood, must be fit and appropriate for the end to which it is to be devoted. In the tariff law the term "suitable" means actually, practically, and commercially fit.

The foregoing definition of "suitable" was quoted with approval in *United States* v. *Lorsch*, 8 Ct. Cust. Appls. 109, T. D. 37222, where the merchandise involved consisted of certain brass and silver foxtail chains assessed under paragraph 356, Tariff Act of 1913, as materials of metal suitable for use in the manufacture of jewelry, and claimed dutiable under paragraph 167 of the act as metal articles. On a record which showed that the merchandise was used in the manufacture of jewelry, our appellate court held the merchandise dutiable as assessed. In holding that the term "suitable" implies " 'actually,' or 'practically,' or 'commercially,' 'commonly' fit for or used as," the court further stated, page 111:

Of course, these words do not imply every possibility of remotely ultimate use of crude materials. They imply a commercial suitability of fitness in the condition imported.

In the case at bar, we are of opinion that the concession made in this record as to the description of the merchandise in question has established that these silver sheets are merely plain sheets of silver, suitable for many uses. It seems clear that Congress did not intend to include in the paragraph under consideration plain metal sheets not processed or advanced in any manner to indicate a use. The wording of the paragraph supports this conclusion. In specifying "Stampings, galleries, mesh, and other materials of metal, * * * finished or partly finished, separate or in strips or sheets * * *," Congress seems clearly to have contemplated metal processed beyond the point of plain sheets which are here before us.

Although the record here is meager, we are of opinion that the plaintiff has overcome the presumption of correctness attaching to the collector's classification. No testimony was introduced in support of the collector's classification and the record does not disclose how these plain sheets were ultimately used. In their condition as imported, they are nothing more than plain silver sheets. This paragraph (1527 (d)) does not cover all sheets of metal but only such as are suitable in their finished or partly finished condition for use in the manufacture of the articles embraced within the paragraph in the condition in which imported. The imported silver sheets are more than bullion and plaintiff's claim for free entry under paragraph 1638, Tariff Act of 1930, is overruled. The claim in the protest that these silver sheets are properly dutiable at 32½ per centum ad valorem under paragraph 397 of the Tariff Act of 1930, as modified by the trade agreement with Mexico (T. D. 50797), is sustained.

Judgment will be rendered accordingly.

DISSENTING OPINION

Cole, Judge: The only evidence in this case is an agreed statement that the present merchandise consists of "silver sheets measuring approximately twenty inches in width, varying in lengths, by .035 in thickness; average weight of single sheet, approximately 22 pounds."

In the light of such broad and general language, which plaintiff was willing to accept as a complete record for his purpose, it is important to bear in mind two fundamental and well-recognized principles of customs litigation: (1) That the presumption of correctness attaching to the collector's classification is based on the presumption that the collector has found every fact to exist that is necessary to sustain his adopted classification, *United States* v. *Marshall Field & Co.*, 17 C. C. P. A. 1, T. D. 43309; and (2) that plaintiff has assumed a twofold burden of "proving not only that the classification made by the Collector of Customs was erroneous but also he must show affirmatively that his own contention is correct," *H. J. Baker & Bro.* v. *United States*, 37 C. C. P. A. 52, C. A. D. 419.

No sample of the silver sheets in question was available so the court is without benefit of such important evidence. Nor did plaintiff offer any oral testimony because, as stated in counsel's brief, "such evidence would be secondary to the undisputed detailed measurements and contents of the imported merchandise *in its condition as imported*, indicated in the official documents, and conceded by both sides at the hearing. Nor is the ultimate use of the particular importation a criterion in determining its tariff classification, or an element of proof warranting oral evidence to be submitted in connection with the particular issues at bar." [Italics quoted.]

Paragraph 1527 of the Tariff Act of 1930 covers many articles, and the collector's classification of the present merchandise thereunder as *material* "suitable for use" in the manufacture of any of the articles provided for in said paragraph, carries the presumption, under the *Marshall Field & Co.* case, *supra*, that these silver sheets fit such classification, and a mere statement setting forth approximate dimensions and weight of the goods is not sufficient to remove the material from that paragraph.

The collector's classification as "material" and plaintiff's claim that the silver sheets are "articles" presents a primary issue, which, because of complete absence of proof, cannot be discussed herein.

It would unduly lengthen this opinion to emphasize further the inadequate presentation of other phases of the case, that could require consideration under a complete record.

The protest should be overruled for failure of plaintiff to overcome the presumption of correctness attaching to the collector's classification.

The case was heard and submitted before the chief judge, as a single judge on circuit under statutory authorization to hear or to hear and determine the case (28 U. S. C., 1946 ed., Supp. III, § 254). My views set forth in *Geo. S. Bush & Co., Inc., et al.* v. *United States*, 22 Cust. Ct. 158, C. D. 1175, questioning the jurisdiction of the division to decide a case similar to these proceedings, continue as the minority expression from the division. Under the practice and procedure of the court and the rules applicable thereto, much litigation before the court is dependent upon my participation in a decision of the same. Adhering, however, to my views expressed in the *Bush* case, *supra*, but for the purpose of expediting the work of the court, I am joining my colleagues in the disposition of this case.

For the reasons stated herein, I am filing these dissenting views.