UNITED STATES *v.* R. J. SAUNDERS & Co., INC. (No. 4924)[1]

[1] C. A. D. 674.

64

United States Court of Customs and Patent Appeals, January 22, 1958

*George Cochran Doub*, Assistant Attorney General, *Richard E. FitzGibbon,* Chief, Customs Section (*Mollie Strum*, trial attorney, of counsel), for the United States.

*Jordan & Klingaman* (*J. L. Klingaman* of counsel) for appellee.

[Oral argument December 3, 1957, by Mr. FitzGibbon and Mr. Klingaman]

Before JOHNSON, Chief Judge, and O'CONNELL, WORLEY, RICH, and JACKSON (retired), Associate Judges

O'CONNELL, Judge, delivered the opinion of the court:

This is an appeal from the judgment of the United States Customs Court, First Division, C. D. 1871, sustaining the importer's protest and holding, one judge dissenting, that the merchandise involved, consisting of certain key rings, was properly classifiable under paragraph 397 of the Tariff Act of 1930 as metal articles or wares not specially provided for, rather than under paragraph 1527 (c) (2) of the Act as articles designed to be carried about the person, as found by the collector.

The pertinent parts of the paragraphs involved are as follows:

Paragraph 1527 (c) (2) of the Tariff Act of 1930, as modified by T. D. 51802, supplemented by T. D. 51898:

(c) Articles valued over 20 cents per dozen pieces, designed to be worn on apparel or carried on or about or attached to the person, such as and including buckles, cardcases, chains, cigar cases, cigar cutters, cigar holders, cigar lighters, cigarette cases, cigarette holders, coin holders, collar, cuff, and dress buttons, combs, match boxes, mesh bags and purses, millinery, military and hair ornaments, pins, powder cases, stamp cases, vanity cases, watch bracelets, and like articles; all the foregoing and parts thereof, * * * finished or unfinished:

\*  \*  \*  \*  \*  \*  \*

(2) * * * Wholly or in chief value of metal other than gold or platinum_____ Valued at not over $5 per dozen pieces or parts:

\*  \*  \*  \*  \*  \*  \*

Other articles and parts _____ 65% ad val.

Paragraph 397 of the Tariff Act of 1930, as modified by T. D. 51802:

Articles or wares not specially provided for, whether partly or wholly manufactured:

  *    *    *    *    *    *    *

Composed wholly or in chief value of iron, steel, lead, copper, brass, nickel, pewter, zinc, aluminum, or other metal (not including platinum, gold, or silver), but not plated with platinum, gold or silver, or colored with gold lacquer:

  *    *    *    *    *    *    *

Other _____ 22½% ad val.

The following facts were stipulated by the parties with respect to the key rings here involved:

(1) that the articles in issue are composed of base metal, not plated with platinum, gold, or silver, and not colored with gold lacquer;

(2) that exhibit 1 is a type of keyring used to retain keys and that the ring on exhibit 2 is also used to retain keys;

(3) that both exhibits 1 and 2 are designed to be carried on or about the person, that is, in the pocket or in ladies' handbags, and are so carried (and, in so stipulating, counsel for the plaintiff specifically pointed out that he was not to be understood as conceding that the articles at bar are such as or similar to the exemplars enumerated in the paragraph); and

(4) that the articles are worth over 20 cents per dozen pieces.

The stipulated facts, it will thus be seen, establish that the instant key rings are made of the kind of metal specified in paragraph 1527 (c) (2), that they are of the value there specified and that they are designed to be carried on or about the person, as required by that paragraph. The sole issue presented, therefore, is whether they are "such as" or "like" the articles enumerated in the paragraph or, in other words, whether they are *ejusdem generis* therewith.

In holding that the instant merchandise was not properly classifiable under paragraph 1527 (c) (2), the majority of the Customs Court relied primarily on *United States* v. *Kress & Co.*, 13 Ct. Cust. Appls. 66, T. D. 40885. There it was held that "Heavy steel key rings attached to steel snap hooks having leather loops" were not classifiable under paragraph 1428 of the Tariff Act of 1922, which paragraph corresponded to paragraph 1527 (c) (2) of the 1930 Act, except that the latter includes some enumerated articles which are not mentioned in the former. The court in reaching its conclusion found that the key rings there involved were not designed or made to be carried on the person; that they were not "like" the exemplars enumerated in paragraph 1428; and that the "Key rings are therefore not of the class or kind of articles which the paragraph names and makes determinative of classification."

So far as the *Kress* decision is based on the finding that the key rings there involved were not designed to be carried on the person,

it is not in point here, since, as above noted, it has been stipulated that the key rings here involved were designed for that purpose. While certain language used in the decision might be taken to mean that key rings, as an entire class, were not similar to the enumerated articles, we are of the opinion, upon consideration of the decision as a whole, that there was no intention on the part of the court in that case of extending the holding beyond the particular key rings there involved. No reason was given for the holding of lack of similarity which would apply to key rings designed to be carried on the person.

On the contrary, in *United States* v. *Kastor & Bros.*, 15 Ct. Cust. Appls. 118, T. D. 42191, decided two years after the *Kress* case by the same court and the same judges, it was held that key chains designed to be worn or carried on the person for carrying keys, were *ejusdem generis* with the enumerated exemplars of paragraph 1428 of the Tariff Act of 1922. The decision in the *Kress* case was distinguished solely on the ground that the key rings there involved were not designed to be worn on the person, whereas the key chains in the subsequent *Kastor* case were so designed. No mention was therein made of the holding in the *Kress* decision that key rings were not regarded as "like" the enumerated articles, and it thus appears that that holding was regarded as dependent upon the fact that the key rings were not designed to be worn or carried on the person.

It is evident that the function of a key chain is substantially the same as that of a key ring, and if a key chain designed to be carried on the person is *ejusdem generis* with the articles enumerated in paragraph 1428 of the 1922 Tariff Act, the same must be true of a similarly designed key ring. Accordingly, so far as the *Kress* case might be construed as holding that no key ring could be classified under the said paragraph 1428, it was, in effect, overruled by the *Kastor* decision.

It is to be noted that the *Kress* decision was also cited in *United States* v. *Chichester & Co.*, 14 Ct. Cust. Appls. 71, T. D. 41579, with the statement that "In the case cited, key rings, suitable for being carried on the person were held to be not within paragraph 1428 because not shown to be designed for such use." The *Kress* case was also cited in *Coty (Inc.)* v. *United States*, 18 C. C. P. A. (Customs) 33, T. D. 44003, and there distinguished on the ground that "the articles were large and, while sometimes actually carried on the person, were not designed for that purpose." Those cases, therefore, appear to interpret the Kress decision as limited to articles not designed to be carried on the person.

For the reasons given above, we are of the opinion that the decision in the *Kress* case is not to be construed as holding that key rings such as those here involved would not have been classifiable under para-

graph 1428 of the 1922 Act, or that they are not classifiable under the comparable paragraph 1527 (c) (2) of the 1930 Act.

The standard to be applied in determining whether articles are *ejusdem generis* with those enumerated in paragraph 1428 of the Act of 1922 was set forth in *Gallagher and Ascher et al.* v. *United States*, 6 Ct. Cust. Appls. 105, T. D. 35343, in which the court made the following statement with respect to the enumerated articles:

In one particular, however, they are all alike, and that is that in their customary use they are all carried upon the person of the user, not for warmth or protection like clothing, but rather as incidental articles of mere personal comfort, convenience, or adornment.

The same standard was applied to paragraph 1527 (c) (2) of the 1930 Tariff Act in the recent case of *United States* v. *Astra Trading Corp.*, 44 C. C. P. A. (Customs) 8, C. A. D. 627.

It is evident that the requirement as to "convenience" in the quoted excerpt is satisfied by articles which merely serve to hold a number of readily accessible small objects together, since that is the function of card cases, cigar cases, coin holders and match boxes, all of which are enumerated in the paragraphs in question. That is the function also performed by the key rings here involved, which serve to hold keys together for convenient access. In view of that fact, and since they are customarily carried upon the person, we are of the opinion that such key rings are *ejusdem generis* with the enumerated exemplars of paragraph 1527 (c) (2) of the 1930 Tariff Act, and were properly classified under that paragraph by the collector.

The judgment of the United States Customs Court is *reversed*.

JACKSON, J., Retired, recalled to participate.