Levy Corporation et al. *v.* United States (No. 2333). United States *v.* Levy Corporation et al. (No. 2337).[1]

Construction, Paragraph 356, Tariff Act of 1913—"Carried on or About * * * the Person."

Articles of personal convenience carried by women in hand bags are "carried on or about * * * the person" within the meaning of that language in paragraph 356, tariff act of 1913, just as are such articles when carried by men in their pockets. Consequently, puff and powder boxes, lip sticks, tablets with pencils, hairpin boxes, perfume flasks, and flacons, imported to be carried in handbags but not specially designed as permanent fittings for them, are classifiable accordingly. . Brushes and small mirrors of the same character are taken without this paragraph by their eo nomine designation in paragraphs 336 and 95 respectively. Such of these articles as are made of metal are not dutiable under paragraph 167, because that paragraph claims only certain metal articles *not specially provided for.*

---

[1] T. D. 40168.

United States Court of Customs Appeals, April 21, 1924.

APPEALS from Board of United States General Appraisers, Abstract 46358.

[Modified.]

*William W. Hoppin,* Assistant Attorney General (*Charles D. Lawrence* and *William H. Futrell,* special attorneys, of counsel), for the United States.
*Comstock & Washburn* (*George J. Puckhafer* of counsel) contra.

[Oral argument March 20, 1924, by Mr. Lawrence and Mr. Puckhafer.]

Before MARTIN, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD Associate Judges.

BARBER, Judge, delivered the opinion of the court:

These cross appeals involve the merchandise hereinafter described, all of which was classified and assessed for duty at 60 per cent ad valorem under paragraph 356 of the tariff act of 1913.

We arrange the merchandise in classes showing the respective paragraphs under which the board held it to be classifiable and the rate of duty applicable thereto.

Under paragraph 356 at 60 per cent ad valorem:
> Exhibit 2, Puff boxes.
> Exhibit 3, Lip sticks.
> Exhibit 5, Powder boxes.
> Exhibit 7, Tablets with pencil or note blocks.
> Exhibit 10, Powder boxes.
> Exhibit 11, Powder. boxes.

Under paragraph 167 at 20 per cent ad valorem:
> Exhibit 1, Hairpin boxes.
> Exhibit 4, Perfume flasks.
> Exhibit 9, Flacons.

Under paragraph 95 at 30 per cent ad valorem:
> Exhibit 6, Mirrors.

Under paragraph 336 at 35 per cent ad valorem:
> Exhibit 8, Brushes.

The relevant portions of the different paragraphs are as follows:

356. * * * and articles valued above 20 cents per dozen pieces designed to be worn on apparel or carried on or about or attached to the person, such as and including buckles, card cases, chains, cigar cases, cigar cutters, cigar holders, cigarette cases, cigarette holders, coin holders, collar, cuff and dress buttons, combs, match boxes, mesh bags and purses, millinery, military and hair ornaments, pins, powder cases, stamp cases, vanity cases, and like articles; all the foregoing and parts thereof, finished or partly finished, composed of metal, whether or not enameled, washed, covered, or plated, including rolled gold plate, and whether or not set with precious or semiprecious stones, pearls, cameos, coral, or amber, or with imitation precious stones or imitation pearls, 60 per centum ad valorem.

167. Articles or wares not specially provided for in this section; if composed wholly or in part of platinum, gold, or silver, and articles or wares plated with gold or silver, and whether partly or wholly manufactured, 50 per centum ad

valorem; if composed wholly or in chief value of iron, steel, lead, copper, brass, nickel, pewter, zinc, aluminum, or other metal, but not plated with gold or silver, and whether partly or wholly manufactured, 20 per centum ad valorem.

95. * * * all mirrors not exceeding in size one hundred forty-four square inches with or without frames or cases. ' * * *

336. * * * brushes and feather dusters of all kinds. * * *

Importers filed various protests, some of which were overruled and some sustained by the board in its classification of the merchandise as above set out.

Importers' claim here is that the judgment of the board should be reversed as to all the merchandise held classifiable by it under paragraph 356; that so much thereof as is represented by Exhibits 2, 3, 5, and 7 should be classified under paragraph 167 and held dutiable at 20 per cent ad valorem; that so much as is represented by Exhibits 10 and 11 should be classified under the same paragraph because silver plated and held dutiable at 50 per cent ad valorem; and that as to the merchandise represented by Exhibits 1, 4, 6, 8, and 9, the classifications thereof adopted by the board should not be disturbed.

The Government contends that as to the merchandise held classifiable by the board under paragraph 356, its judgment is correct; that as to the remainder it is erroneous, should be reversed and all such merchandise be classified and held dutiable at 60 per cent ad valorem under the same paragraph.

It is unnecessary to give a detailed description of each exhibit. They are all composed of metal or of metal in chief value, and Exhibits 10 and 11 are silver plated. None of the others is plated with gold or silver. None have a loop, ring, or other appliance suitable to be used for the purpose of attaching them directly to the person or the wearing apparel. They are all small, and the size and shape of each suggests that they would not generally be kept in a house as containers of substances placed therein for use but would be carried on or about the person for use when absent from the house. Perhaps the term "small toilet articles for women's use when shopping, calling, or visiting places of amusement or entertainment," fairly describes them.

The witnesses all testified that the principal and general use to which these articles were put by importers was as "fittings" for hand bags such as those hereinafter referred to; that they were also sold to manufacturers of hand bags. One witness testified that some like articles which had chains and rings thereon were separately carried by women, and it appeared that the articles represented by Exhibits 11 and 12 are sometimes sold for use without reference to hand bags. There is evidence that they are used in silk bags, in manicure cases, and that similar articles of larger size are used in "overnight bags." There is nothing about any of the exhibits so

far as we are able to discover, nor is there any evidence tending to show that their construction, shape, or design is such that they are especially fitted to be placed in any particular container or receptacle. They are imported separate and apart from any bags or containers, and the record shows that the hand bags in which they are most generally used are manufactured in this country. There is no evidence, other than the use to which they are put, which tends to show that when manufactured they were designed to be fitted to any bag or other receptacle.

Two leather hand bags illustrative of the kinds of bags in which the articles are carried and for which the witnesses testified they were used as "fittings" were introduced in evidence. They are ordinary, everyday hand bags used by women in shopping or taken with them to the theater or other places of entertainment. One is about 10 inches in length and 6 inches in height, with three inner compartments and one on the outside. The other is about 8 inches long and 6 inches high, with the same number of compartments. Each bag has a handle convenient for carrying it. In some of the compartments are small pockets made of fabric and of varying sizes suitable for receiving small articles. Some compartments have no such pockets. In each compartment, assuming the pockets therein were filled, would be left space for other small things. There is nothing about the pockets to indicate that they are designed to receive any particular articles.

The Board of General Appraisers found that whether used as fittings for hand bags or not, all the articles were designed to be worn on apparel or carried on or about or attached to the person, and held that they were either eo nomine provided for in paragraph 356 or were like the articles enumerated in the third clause of the paragraph for the reason that in their customary use they were all carried upon the person of the user not for warmth or protection like clothing but rather as incidental articles of mere personal comfort, convenience or adornment, citing Gallagher v. United States. (6 Ct. Cust. Appls. 105; T. D. 35393.)

It concluded that all the merchandise was dutiable under paragraph 356 unless eo nomine elsewhere provided for, citing Rumpp v. United States (7 Ct. Cust. Appls. 203; T. D. 36507). Applying the eo nomine rule it held the merchandise classifiable and dutiable as already herein appears.

Obviously, the hand bags shown in this case as used by women, in large measure take the place of pockets on men's wearing apparel and are simply convenient receptacles for carrying small articles. Silk bags in which these articles are carried serve, of course, the same purpose and perhaps more nearly resemble pockets, generally speaking.

The importers urge that paragraph 356 was only intended to cover articles of this kind, which in the condition as imported were designed and so fitted as to be capable of being directly worn on apparel or carried in the pockets of clothing, and that when carried in hand bags, such as those shown in this case, the separate articles themselves become part of the hand bags which, when so fitted or equipped, are the entireties that are carried on or about the person and that the separate articles here when so carried lose their individual character for that purpose.

We are unable to agree with this view of the case. While these articles are studiously referred to as "fittings," we think, in fact, they are not such any more than is a knife, a pencil or a comb, designed to be carried in an ordinary pocket in wearing apparel, a fitting for such pocket. The real fact is that all these articles, as we have already pointed out, are designed to be carried on or about the person and it matters not whether such carrying is in a pocket, bag, box, or some other receptacle used in lieu of a pocket. Such bags as shown in this case are not, when containing articles like the merchandise here, to be regarded as bags permanently fitted with certain sets and which are by statute made entireties for the purposes of classification under paragraph 360, to which importers refer as supporting their contention.

We are of opinion that the rule adopted by the board, that all the merchandise is properly classifiable under paragraph 356, unless eo nomine provided for elsewhere, is sound and that it was correctly applied in classifying all the merchandise except that represented by Exhibits 1, 4, and 9, held by the board to be classifiable under paragraph 167. That paragraph relates to merchandise not specially provided for. The applicable part of paragraph 356 does not contain this eliminating provision. Hairpin boxes, perfume flasks, and flacons are not eo nomine mentioned in paragraph 167 and as the board has correctly found these three articles to be within paragraph 356, unless eo nomine elsewhere provided for, they should be classified thereunder and assessed for duty at 60 per cent ad valorem.

As the articles represented by Exhibits 6 and 8 are eo nomine provided for in the respective paragraphs under which the board classified them, such classification must be upheld.

It follows that as to all the merchandise found classifiable by the board under paragraphs 356, 95, and 336 its judgment is affirmed; that as to so much thereof as was classified by it under paragraph 167 its judgment is reversed, and it is held that such merchandise is properly classifiable under paragraph 356 and dutiable at 60 per cent ad valorem.

The case is remanded for proceedings in accordance herewith.