LIONEL TRADING CO. *v.* UNITED STATES (No. 2994) [1]

[1] T. D. 42562.

United States Court of Customs Appeals, January 23, 1928

*Barnes, McKenna & Halstead* (*Samuel M. Richardson* and *Mary Rehan* of counsel) for appellant.

*Charles D. Lawrence,* Assistant Attorney General (*Kenneth G. Osborn,* special attorney, of counsel), for the United States.

[Oral argument December 7, 1927, by Mr. Richardson and Mr. Lawrence]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

BARBER, Judge, delivered the opinion of the court:

This appeal involves the classification of certain lip-stick holders made of a metal resembling brass in color. The typical exhibit is cylindrical in form, about 2¼ inches long, and about one-half inch in diameter. It consists of a barrel designed to receive and hold a lip stick with a mechanism by means of which the lip stick may be thrust forward and drawn back. There is a removable cap, which fits snugly over one end of the barrel. The exterior of the barrel and cap, except the ends, is decorated and substantially covered by a bluish-colored substance, the material of which is not disclosed. In their imported condition these holders are not filled. Until filled with lip sticks they are not carried on or about the person, but are so carried when filled. They were classified and assessed for duty at 80 per centum ad valorem under the part of paragraph 1428 of the Tariff Act of 1922 providing for—

articles valued above 20 cents per dozen pieces, designed to be worn on apparel or carried on or about or attached to the person, such as and including buckles, cardcases, chains, cigar cases, cigar cutters, cigar holders, cigarette cases, cigarette holders, coin holders, collar, cuff, and dress buttons, combs, match boxes, mesh bags and purses, millinery, military and hair ornaments, pins, powder cases, stamp cases, vanity cases, and like articles; * * * composed of metal, * * * 80 per centum ad valorem.

The importer, appellant here, protested this assessment, claiming the merchandise to be dutiable under paragraph 399 of the act providing for—

Articles or wares not specially provided for, if composed wholly or in chief value of platinum, gold, or silver, and articles or wares plated with platinum, gold, or silver, or colored with gold lacquer, whether partly or wholly manufactured, 60 per centum ad valorem; if composed wholly or in chief value of iron, steel, lead, copper, brass, nickel, pewter, zinc, aluminum, or other metal, but not plated with platinum, gold, or silver, or colored with gold lacquer, whether partly or wholly manufactured, 40 per centum ad valorem.

The United States Customs Court overruled the protest.

Importer contends, inasmuch as these lip-stick holders in their imported condition are not carried on or about the person and are so carried only after they are filled, that they are not within the provisions of paragraph 1428; that they are not of themselves designed to be carried on or about the person, but are primarily designed only to hold or contain lip sticks; and that in their imported condition, empty, they are not "incidental articles of mere personal comfort, convenience, or adornment," which in *Gallagher* v. *Ascher*, 6 Ct. Cust. Appls. 105, T. D. 35343, we held Congress contemplated must be characteristics or qualities possessed by articles not *eo nomine* provided for in the quoted part of the paragraph in order to permit their classification as "like articles" thereunder. That case involved paragraph 356 of the tariff act of 1913, the language of which is identical so far as relates to the questions in this case with that of the hereinbefore quoted part of paragraph 1428.

Importer further contends that if these holders were imported filled with lip sticks they would be classifiable and classified as a toilet preparation under paragraph 62 of the act, and that therefore, because they are imported empty, they can not be dutiable under paragraph 1428. This contention, however, assumes that the suggested classification is established. There is no proof relating to this matter in the record other than the testimony of an examiner that similar merchandise had been "returned at 75 per cent filled with a lip stick, as a nonalcoholic toilet preparation under paragraph 62," and of the president of the importing company that lip-stick holders with lip sticks in them imported by his firm he "believed" had been classified as perfumery under said paragraph. This evidence, if regarded as relevant to any issue in the case, does not prove the fact that such holders as those now before us have been classified, when imported filled, under paragraph 62, neither does it establish as matter of law that they are so classifiable. The record contains nothing which justifies us in giving serious consideration to this claim of importer.

The classification and assessment of the collector implies that these holders when imported were *designed* to be carried on or about or attached to the person. The examiner, who was called as a witness by importer, gave testimony which was undisputed, tending strongly to support the collector's classification.

Among the exemplars of articles which Congress declared should be classified under paragraph 1428 are cardcases, cigar cases, cigarette cases, match boxes, powder cases, and vanity cases, all of which are holders or containers, and any or all of which, it is obvious, although designed to be carried on or about the person, would not naturally be so carried, except to refill them, unless they contained the things

designed to be placed therein. The fact that they were imported empty would not per se exclude them from classification under the paragraph, as it would not deprive them of the quality or characteristic that they were designed to be so carried. The carrying itself is not made the test. It is rather that they are designed, that is, apt and suitable articles to be so carried. We are unable to see why the same reasoning does not apply to these lip-stick holders, or to understand why they are not articles like said eo nomine holders or containers in that they are articles of personal comfort or convenience within the rûle of *Gallagher* v. *Ascher, supra.*

Importer, however, claims the record shows that these lip-stick holders are never refilled, thereby distinguishing them from the other holders mentioned in the paragraph, which may obviously be refilled. Assuming for the moment, but not conceding, that if it were established that they are never refilled the conclusion here would be different, we do not find such fact proven by the record, considered in connection with the typical exhibit. The evidence relied upon is that the president of the importing company dealing in these particular holders testified that they were never sold by his concern until the lip sticks were placed therein. He was then asked:

Q. To your knowledge, do you ever sell refills of holders?—A. No, sir. As far as we know it is practically impossible, because the stick is used up, catches in a sort of well in here. It would be practically impossible to place another lip stick in there.

Q. So that as far as your knowledge goes they are never refilled?—A. Not as far as I have ever heard.

An examination of the holder itself, however, indicates to us that it may be refilled. There is nothing about its construction which precludes the possibility of inserting another lip stick in the holder after the one first placed therein has been used up. If, however, it be conceded that these lip-stick holders are never refilled or capable thereof, they would not necessarily be thereby excluded from classification under the paragraph, because the containers or holders *eo nomine* mentioned therein, and which the lip-stick holders are like, are dutiable thereunder whether or not capable of being refilled.

These conclusions render unnecessary any further detailed consideration of importer's contentions. The customs court committed no error in overruling the protest. Its conclusion is supported by the following cases: *Levy Corporation* v. *United States,* 12 Ct. Cust. Appls. 181, T. D. 40168; *Rumpp & Sons* v. *United States,* 7 Ct. Cust. Appls. 203, T. D. 36507; *A. Bourjois & Co.* v. *United States,* G. A. 9051, T. D. 41154.

The judgment below is *affirmed.*