(C. D. 98)

CALIFORNIA BAG & METAL CO. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided February 9, 1939)

*Lawrence & Tuttle* (*Charles F. Lawrence* and *George R. Tuttle* of counsel) for the plaintiff.

*Webster J. Oliver*, Assistant Attorney General (*John J. McDermott*, special attorney), for the defendant.

Before TILSON, KINCHELOE, and DALLINGER, Judges

KINCHELOE, Judge: This suit has reference to certain merchandise invoiced as "cotton wiping rags" which were assessed with duty as such under the provisions of paragraph 922 of the Tariff Act of 1930 which reads as follows:

PAR. 922 Rags, including wiping rags, wholly or in chief value of cotton, except rags chiefly used in paper-making, 3 cents per pound.

Although several claims are made in the protest, the one relied on is that for free entry under the provision in paragraph 1750 of said act for "paper stock, crude, of every description, including * * * rags."

In his brief counsel for the plaintiff has limited the protest to 150 bales of such rags, numbers 51 to 200, and marked KN in a diamond. All claims as to all other merchandise have been waived.

During the course of the trial, counsel for the defendant moved to dismiss the case on the ground that the instant protest was actually a claim for allowance on damaged merchandise which he claimed this court has no jurisdiction to entertain under the provisions of section

563 of the Tariff Act of 1930. Said motion to dismiss is hereby denied and an exception to said ruling is allowed counsel for the defendant.

The motion to dismiss this case made by counsel for the defendant on the ground that the plaintiff had failed to make out a *prima facie* case is also denied, exception to which ruling is hereby given to counsel for defendant.

The merchandise in question was imported on March 31, 1937, but it was not entered for consumption until April 26.

The United States examiner who passed this particular merchandise under consideration testified that he made his official examination of said merchandise for customs purposes on April 29; that he found said merchandise to consist of No. 1 bleached, white, cotton wiping rags, in a dry condition; and that they "showed absolutely no signs of moisture, except what is usually found in that type of rags."

It is further shown by the record before us that, due to the crowded condition of the plaintiff's warehouse, the rags in question were allowed to remain on the pier where they arrived until May 6, when delivery was made of said rags at the plaintiff's premises, and the testimony of plaintiff's witnesses concerning the condition of said merchandise refers to the time when they examined the rags at the warehouse of the plaintiff on May 6, or seven days after the date of examination by the customs officials and thirty-six days after the actual date of importation.

Although five witnesses testified on behalf of the plaintiff that *at the time of their examination* they found the rags in a saturated condition, and that they were totally unfit for use as wiping rags, plaintiff has failed to establish that in their condition as imported the rags in question were as testified to by the said witnesses.

It is a fundamental principle of customs law that the condition in which merchandise is imported controls its tariff classification. *Worthington* v. *Robbins*, 139 U. S. 337; *Dwight* v. *Meritt*, 140 U. S. 213, 219. Hence, the testimony of plaintiff's witnesses concerning the condition of the rags in question at the importer's warehouse, long after the date of importation, is without probative value. The testimony of the customs examiner who passed the merchandise, that it consisted of No. 1 bleached, white, cotton wiping rags, has not been overcome by the evidence offered by the plaintiff.

Since the plaintiff has failed to overcome the presumption of correctness attaching to the action of the collector in this case, the protest must be and is hereby overruled and the decision of the collector is affirmed. Judgment will be rendered accordingly