BEFORE THE FIRST DIVISION, SEPTEMBER 15, 1955

**No. 59275.**—E. Miltenberg, Inc. v. United States, protest 225576–K (New York).

OLIVER, Chief Judge: This case relates to merchandise described on the invoice as "table lighters, pistol type," which the collector assessed with duty at the rate of 55 per centum ad valorem under paragraph 1527 (c) (2) of the Tariff Act of 1930, as modified by T. D. 52739, supplemented by T. D. 52836, as articles, designed to be carried on or about the person. Plaintiff claims that the merchan-

dise is properly classifiable as smokers' articles and dutiable at only 30 per centum ad valorem under paragraph 1552 of the Tariff Act of 1930, as modified by T. D. 51802.

The provision for "Articles * * * designed to be worn on apparel or carried on or about or attached to the person" has been construed in *United States* v. *Kress & Co.*, 13 Ct. Cust. Appls. 66, T. D. 40885. The court there said:

* * * To come within the purview of the provision under which the goods were assessed an article *must be designed* to be worn on the apparel or to be carried on or about or attached to the person. If in shape, size, or make up an article is unsuitable to be carried on or about or attached to the person, it is not within the meaning of the provision although designated therein by name. [Italics quoted.]

The carrying of the articles, themselves, is not made the test. "It is rather that they are designed, that is, apt and suitable articles to be so carried," *Lionel Trading Co.* v. *United States*, 15 Ct. Cust. Appls. 365, T. D. 42562.

The record herein consists of a sample of the imported merchandise (plaintiff's exhibit 1) and the testimony of two witnesses, one of whom appeared on behalf of plaintiff and the other for defendant.

The article in question (exhibit 1, *supra*) is a lighter in the shape of a pistol that is mounted on a circular metal base, approximately 1¼ inches in diameter. The base is attached to the lighter by means of a small screw which also fits into the well of the lighter so that the screw must be removed in order to fill the lighter. The article is so constructed that the base can be removed, lighting fluid supplied, and the screw replaced without including the base, giving the article the appearance of a pocket lighter. Another smaller screw in the base of the lighter holds the spring that manipulates the flint or wick in the lighter.

The vice president of the plaintiff corporation testified that, when the present merchandise was imported, the metal base was attached to the pistol-like lighter. He stated that he had used the article on his desk as a table lighter, that he had seen it used in the same manner in his sister's home, and that he had never seen it used in any other way. His testimony was aptly summarized in the statement that "this was the table lighter imported as such and sold as such, never seen it used otherwise and never sold it as a pocket lighter."

Defendant's witness stated that he has been in the business of "Purse accessories, costume jewelry, gadgets and novelties" for 25 years. He testified that he handled an article similar to the lighter in question, but his testimony relating to the use thereof as a purse accessory or as a pocket lighter refers to a pistol-like lighter after the metal base had been removed. He admitted that he had never seen the lighter, with the metal base attached thereto, being carried in a man's pocket or a woman's handbag.

Merchandise substantially the same as the lighters in question was involved in *Abercrombie & Fitch Co.* v. *United States*, 5 Cust. Ct. 380, Abstract 44662, and *Greenberg & Josefsberg* v. *United States*, 2 Cust. Ct. 792, Abstract 41771. In each of those cases, the importer's claim for classification as smokers' articles was sustained. In reaching its conclusion, the court, in both cases, invoked the well-established principle that "the condition in which merchandise is imported controls its tariff classification," *California Bag & Metal Co.* v. *United States*, 2 Cust. Ct. 104, C. D. 98.

The same conclusion, with the application of the same rule, is controlling in the present issue. The sample of the merchandise under consideration, coupled with the testimony of both witnesses, is sufficient to establish, *prima facie* at least, that the articles in question in their condition as imported (with the metal base attached to the pistol-like lighters) are not *designed* to be worn on or about the person and, therefore, under the cited authorities, are excluded from the provisions of paragraph 1527 (c) (2), invoked by the collector..

Counsel for defendant, arguing to support the collector's action, rely chiefly on the cases of *National Silver Co.* v. *United States*, 73 Treas. Dec. 98, T. D. 49349, and *New York Merchandise Co., Inc.* v. *United States*, 73 Treas. Dec. 896, T. D. 49593. The *National Silver Co.* case involved a brass cigarette or cigar lighter with removable base. The court found that the lighter was easier to operate with the base removed and that, when the base was removed, a small ring was revealed at the bottom so that the lighter could be suspended if desired. In the *New York Merchandise Co., Inc.*, case, the merchandise consisted of metal banks, small and compact in size and eminently suitable to be carried in the pocket or handbag. The conclusion in both of those cases, holding the merchandise to be properly classifiable under paragraph 1527, *supra*, was based on evidence which the court found was sufficient to establish that the articles there under consideration were designed to be carried on or about the person. The same cannot be said of the record herein with respect to the merchandise now before us. On the contrary, the sample of the article in question shows that the metal base is of a definite size, making the lighter particularly adaptable for use on a desk or table. To what use it may be susceptible, or what is done to the article after importation, is immaterial. In its condition as imported, the lighter is not designed to be carried on or about the person.

Other cases cited in defendant's brief have been carefully considered and found to be distinguishable from the present one. It is deemed unnecessary to review them in detail.

For all of the reasons hereinabove set forth, we hold the articles in question to be properly dutiable at the rate of 30 per centum ad valorem under paragraph 1552, as amended, *supra*, as smokers' articles, as claimed by plaintiff.

The protest is sustained and judgment will be rendered accordingly.