(C.D. 2110)

COLIBRI LIGHTERS (U.S.A.), INC. *v.* UNITED STATES

United States Customs Court, First Division

(Decided August 26, 1959)

*Sharretts, Paley & Carter* (*Howard Clare Carter* of counsel) for the plaintiff.
*George Cochran Doub*, Assistant Attorney General (*Richard E. FitzGibbon*, trial attorney), for the defendant.

Before OLIVER, MOLLISON, and WILSON, Judges

OLIVER, Chief Judge: The protests enumerated in schedule "A," hereto attached and made a part hereof, have been limited to the

merchandise represented by the items described on the invoices as follows:

| Protest | No. of pieces | Invoice description | Entry No. |
|---|---|---|---|
| 317292–K | 1, 700 | Table Lighter Inserts No. 820 | 755192 |
| 324082–K | 750 | Lighters No. 0820 | 955041 |
| | 1, 000 | Lighters No. 0820 | 955041 |
| 324956–K | 720 | Shells No. 800 | 463090 |
| 325440–K | 800 | Table Lighter Inserts No. 820 | 714489 |
| 328053–K | 1, 800 | Lighters Inserts No. 0820 | 741756 |
| 58/6446 | 1, 000 | Table Lighter Inserts No. 820 | 705842 |
| | 750 | Table Lighter Inserts No. 820 | 705842 |
| 318983–K | 10, 000 | wheels M/5 x 5 | 891617 |

The merchandise covered by protest 318983–K, described on the invoice with entry 891617 as "wheels m/5 x 5," was assessed with duty at the rate of 55 per centum ad valorem under the provision in paragraph 1527(c)(2) of the Tariff Act of 1930, as modified by T.D. 52739, supplemented by T.D. 52836, for "Parts, valued 20 cents or more per dozen parts, of cigar or cigarette lighters," designed to be carried on or about the person.

The remaining items of merchandise in question, as hereinabove set forth, were assessed with duty at the rate of 45 per centum ad valorem under the provision in paragraph 1527(c)(2) of the Tariff Act of 1930, as modified by T.D. 53865, supplemented by T.D. 53877, for "Cigar and cigarette lighters and parts thereof, valued over $5 per dozen pieces or parts" and designed to be carried on or about the person.

All of the merchandise in question is claimed to be dutiable at the rate of 30 per centum ad valorem under the provision in paragraph 1552 of the Tariff Act of 1930, as modified by T.D. 51802, for smokers' articles and parts thereof.

Consideration, first, is directed to the merchandise covered by protest 318983–K, identified herein as spark wheels (plaintiff's collective illustrative exhibit 5). Plaintiff's uncontradicted testimony establishes that these articles are standard items, which are used interchangeably in either pocket lighters or table lighters, and that they are exclusively used as parts of both types of lighters. Defendant, agreeing with plaintiff's testimony, concedes, as stated in counsel's brief, that these spark wheels "are not dedicated to use either as parts of pocket lighters or table lighters but are equally susceptible to either use."

Counsel for defendant argues that the spark wheels in question are properly classifiable, as assessed by the collector, under the language of paragraph 1559 of the Tariff Act of 1930, as amended by T.D. 53599, which provides as follows:

(c) If two or more enumerations shall be equally applicable to any article, it shall be subject to duty at the highest rate prescribed for any such enumeration.

It may be noted, at this point, that the so-called "highest rate rule" had application under paragraph 1559, as originally enacted, "If two or more rates of duty shall be applicable to any imported article, it shall be subject to duty at the highest of such rates," and that, under paragraph 1559, as amended, *supra*, the higher rate shall be invoked when "two or more enumerations shall be equally applicable to any article." In other words, under paragraph 1559 in its original form, the rate of duty was the criterion; in the said amended paragraph, tariff enumerations control.

The spark wheels in question are admittedly *parts* of cigar or cigarette lighters. More specifically, they are parts of two kinds of cigar or cigarette lighters, i.e., pocket lighters and table lighters. These spark wheels are dedicated for use equally as parts of pocket lighters and as parts of table lighters. Each class or kind of lighters is classifiable under a different enumeration. Pocket lighters are classifiable under the provision in paragraph 1527 (c) (2) of the Tariff Act of 1930 for articles designed to be carried on or about the person, *National Silver Co.* v. *United States*, 73 Treas. Dec. 98, T.D. 49349. Table lighters are classifiable as smokers' articles, *E. Miltenberg, Inc.* v. *United States*, 35 Cust. Ct. 235, Abstract 59275. It, therefore, follows that these spark wheels, being *parts* of both types of lighters, are articles which are equally applicable to two tariff enumerations, and, consequently, under the provision of paragraph 1559, as amended, *supra*, they are subject to the higher rate of duty prescribed thereunder. Accordingly, we hold, on the basis of the present record, the merchandise described on the invoice with entry 891617, covered by protest 318983–K, as "wheels M/5 x 5" to be properly dutiable at the higher rate of duty applicable to parts of cigar and cigarette lighters, valued 20 cents or more per dozen parts, designed to be carried on or about the person, under paragraph 1527 (c) (2) of the Tariff Act of 1930, as modified by T.D. 52739, supplemented by T.D. 52836, and dutiable thereunder at the rate of 55 per centum ad valorem, as assessed by the collector. Plaintiff's claim, relating to protest 318983–K, is, therefore, overruled.

The merchandise covered by the remaining protests (other than protest 318983–K), as represented by the items hereinabove enumerated, consists of so-called lighter inserts. From an examination of the sample (plaintiff's collective exhibit 2), it appears that the lighter is in two parts. One part is the dull-finished metal shell or holder. The other part is comprised of the highly polished fluid container, the spark wheel, the wick, and the thumbpiece, which is also highly polished to match the fluid container. Pressure on the thumbpiece un-

caps the wick and revolves the spark wheel against the flint to cause the spark which, in turn, ignites the wick. The fluid container, with the movable parts, fits into the shell. The record consists of the testimony of two witnesses, both of whom appeared on behalf of plaintiff.

The president of the plaintiff corporation, importer of "Colibri lighters from Germany," for the Jacques Kreisler Manufacturing Corp. (hereinafter referred to as "Kreisler"), the sole distributor of Colibri lighters in the United States, stated that he ordered the present merchandise and that, upon importation, it was entered by the customs broker who arranged for delivery direct to "Kreisler."

Plaintiff's second witness was the manager of market research for "Kreisler," whose duties include the receipt of imported merchandise and directing it to the proper department to be used for its intended purpose and marketing aspects. He testified that the merchandise in question is "specifically designated" for and exclusively used in the manufacture of table lighters (plaintiff's illustrative exhibits 3, 4–A, 4–B, and 4–C), that are manufactured and sold by "Kreisler." On cross-examination, the witness identified an article (defendant's exhibit A), which is substantially the same as the merchandise in question (collective exhibit 2), except that the outer shell is polished. Both articles (collective exhibit 2, *supra*, and defendant's exhibit A) are identical in design, and their mechanisms are interchangeable in use as part of the table lighter (illustrative exhibit 3, *supra*). Referring specifically to the lighter insert (defendant's exhibit A), the witness testified that it is not a pocket lighter, that it is used in table lighters, and that the use of a polished shell was in the nature of an experiment during the early period of development of table lighters. The testimony, in connection therewith, is as follows (R. 25):

As a rule, we do not bring those in with polished shells. In the early stages of the game, when we first went into manufacturing, they were brought in both ways, both unpolished and polished, until we determined the best way to handle them in the manufacturing of lighters.

Demonstrating the use of the insert of the table lighter (plaintiff's illustrative exhibit 3) with that of the pocket lighter (defendant's exhibit B), the witness showed that the insert for the table lighter is beveled along the edge, whereas the insert for the pocket lighter is rounded along the edge, so that one cannot be substituted for the other.

The case of *Greenberg & Josefsberg* v. *United States*, 28 C.C.P.A. (Customs) 138, C.A.D. 135, cited by defendant, is distinguishable. In that case, the importers (appellants) were manufacturers of various types of merchandise connected with the manufacture of catalin cutlery. The merchandise involved therein was described as "inlays,"

each of which consisted of a small cylindrical hollow piece of metal closed at one end, to which end was attached a wheel, a wick, and piece of flint. The merchandise was classified as parts of cigar lighters, designed to be carried on or about the person. Although the importers did not dispute that the articles were parts of cigar lighters, it was claimed that they were not parts of cigar lighters, designed to be carried on or about the person, and, therefore, were properly classifiable as smokers' articles. The claim was overruled because, as stated by the appellate court, "the evidence of record is insufficient to establish that the involved 'inlays' are not parts of 'cigar lighters' designed to be carried on or about the person" and "the presumption of correctness attending the collector's classification has not been overcome."

In this case, we are concerned with a particular type of article, imported by plaintiff for the exclusive use of "Kreisler," the sole distributor of the merchandise in this country. Upon the record before us, the evidence adduced by plaintiff is sufficient to establish, *prima facie* at least, that the items in question, hereinabove identified on the invoices covered by the entries with protests 317292–K, 324082–K, 324956–K, 325440–K, 328053–K, and 58/6446, are parts of table lighters and, as such, are properly classifiable under the provision for parts of smokers' articles under paragraph 1552, as modified, *supra*, and dutiable thereunder at the rate of 30 per centum ad valorem, as claimed by plaintiff.

To the extent indicated, the protests are sustained, and judgment will be rendered accordingly.