BEFORE THE FIRST DIVISION, SEPTEMBER 22, 1964

No. 68783.—Carson M. Simon & Company *v.* United States, protest 62/7333 (Philadelphia).

OLIVER, Chief Judge: This protest relates to certain cigarette lighters in the shape of miniature racing cars, which were assessed with duty at the rate of 50 per centum ad valorem under paragraph 1527(c) of the Tariff Act of 1930, as modified by T.D. 54108, as articles of metal, designed to be carred on or about the person. Plaintiff claims that the merchandise is properly classifiable as smokers' articles, not specially provided for, and dutiable at the rate of 30 per centum ad valorem, under paragraph 1552 of the Tariff Act of 1930, as modified by T.D. 51802.

The article in question (plaintiff's exhibit 1) is a cigarette lighter, shaped like a miniature racing automobile, attractively colored in two-tone green, and, as stipulated by the parties hereto, "has a height of 1 and ⅛ inches, a width of ½ inch, a length of 3 and ³⁄₁₆ inches, and a weight of 1.3 ounces." (R. 3.)

The sole owner of the plaintiff company, a customhouse broker, stated that he never bought or sold merchandise, such as the cigarette lighter under consideration. He testified that he used the present merchandise in his home on a table either in the living room or in a recreation room. Explaining its flimsy construction, the witness stated that this lighter has a weak and very narrow base and that if it is placed on a table, which is not on a plane, the wheels with which the article is equipped would cause the lighter to roll or slide off the table. Referring to his use, carrying the lighter in his pocket, the witness produced a cigarette lighter (plaintiff's illustrative exhibit 2), like the one in question, but without two of the four wheels. In connection therewith, the witness testified that he had carried the lighter (illustrative exhibit 2) "for about a week and in the process of using it, the wheels came off, that is, the rear wheels as a result of just having it in my pocket and using it from time to time," and that he found such use of the lighter to be unsatisfactory, because "it has a tendency to catch on to the lining of your apparel." Government counsel pointed out to the court that he "replaced the two rear wheels by just merely screwing on one of the wheels to the rest of the mechanism so it now contains a full exhibit similar to Exhibit 1." (R. 10.) On cross-examination, the witness admitted that the design of the present merchandise will permit use thereof either in a man's vest pocket or in a lady's purse.

Plaintiff's second witness was a salesman who handled the cigarette lighter (exhibit 1, *supra*), in the New York market since 1959. He testified that the article in question is a novelty, attractive as a conversational and decorative item, which he presents to the trade as a table lighter and not as a pocket lighter, because "the sharp edges would have a tendency to spoil your pocket." (R. 25.) His use of the present merchandise has been in the course of his business when the cigarette lighter is enclosed in a sales box that he shows to prospective customers. He has observed it displayed on knickknack shelves, on an end table, and on a man's desk, but never saw it used as a pocket lighter.

At this point, it is important to observe that the test for classification of merchandise under paragraph 1527(c), as modified, *supra*, invoked by the collector in his classification of the present merchandise, is "not the use of the articles but the purpose for which they were designed." *Coty (Inc.) v. United States*, 18 CCPA 33, T.D. 44003. In *Lionel Trading Co. v. United States*, 15 Ct. Cust. Appls. 365, T.D. 42562, which was cited with approval in the *Coty* case, *supra*, the principle was stated as follows: "The carrying itself is not made the test. It is rather that they are designed, that is, apt and suitable articles to be so carried." Under the cited cases, plaintiff's testimony, concerning use of the cigarette lighter in question, is not an important consideration in determining the issue before us.

Support for the collector's classification of the present merchandise as an article *designed* to be carried on or about the person is found in defendant's testimony,

adduced from the chief designer of the Ronson Corp. since 1953, whose duties are primarily the design of pocket and table lighters manufactured by his employer. Referring to the article in question (exhibit 1, *supra*), he stated that it is basically a pocket lighter and designed as a pocket lighter. Explaining why he considered it to be designed as a pocket lighter, the witness referred to its size, its fuel capacity, and its general construction. In size, it is a pocket lighter. The fuel capacity is that of a pocket lighter which is much smaller than that of a table lighter, which is usually designed to have a fuel capacity "to last approximately one month normal consumption and evaporation factor." (R. 55.) Referring to the general construction of the lighter in question the witness testified that the edges thereof are "about standard sharpness" and "not excessively sharp or what I would call a pocket ripper" (R. 38), and that with the use of tools which are specially designed for the proper assembly of cigarette lighters, such as the one under consideration, the wheels are permanently fitted, and would not come off unless improperly or poorly attached, which caused the condition shown by the incomplete lighter (illustrative exhibit 2, *supra*). He agreed with plaintiff's testimony that the cigarette lighter in question is a novelty and that it is designed as a commodity for sales appeal. Illustrative of novelty pocket lighters manufactured over a long period of years by his employer, the witness produced lighters in various shapes (defendant's illustrative exhibits A to G, inclusive), which include lighters shaped like a bird (defendant's illustrative exhibit B), a heart (defendant's illustrative exhibit D), dice (defendant's illustrative exhibit F), a watch (defendant's illustrative exhibit G). Their similarities with the present merchandise (exhibit 1, *supra*), are in their pocket size, their comparable fuel capacity, and their light construction. Samples are potent witnesses. *Marshall Field & Co.* v. *United States*, 20 CCPA 225, T.D. 46037.

That the cigarette lighter under consideration is a novelty item, is no bar for its classification under paragraph 1527(c), as modified, *supra*. In *Gallagher & Ascher et al.* v. *United States*, 6 Ct. Cust. Appls. 105, T.D. 35343, so-called "prorepel" lead pencils, which the court recognized as "novelties," were held to be properly classifiable under the provision for articles "designed to be worn on apparel or carried on or about or attached to the person." The same conclusion was reached in *Abercrombie & Fitch Co.* v. *United States*, 31 CCPA 56, C.A.D. 248, which involved so-called "pocket warmers" that the court regarded as "novelties."

On the basis of the present record and for all of the reasons hereinabove set forth, we find and hold that plaintiff has failed to sustain its twofold burden of not only showing that the collector's classification of the present merchandise was wrong, but also proving the correctness of its claimed classification. *Yardley & Co., Ltd., et al.* v. *United States*, 41 CCPA 85, C.A.D. 533. Accordingly, we hold the cigarette lighters in question to be properly dutiable at the rate of 50 per centum ad valorem, under paragraph 1527(c) of the Tariff Act of 1930, as modified by T.D. 54108, as articles of metal, designed to be carried on or about the person, as assessed by the collector.

The protest is overruled, and judgment will be rendered accordingly.